## HARRIS MANUFACTURING CO. v. JAMES M. WALSH.

1. **APPEAL: PRACTICE.** An appeal will not lie from an order of the District Court sustaining a demurrer to one of the several separate defenses in an action, while the other issues raised in the District Court remain undetermined, and no final judgment has been rendered in such action.

2. **APPELLATE JURISDICTION OF SUPREME COURT.** Section 1869 of the Revised Statutes confers upon the Supreme Court of this Territory the authority to hear and determine writs of error and appeals from *final* decisions or judgment of the District Courts, and not independent appeals from orders made or decisions pronounced, which are in effect merely interlocutory.

3. **FINAL JUDGMENT.** No judgment is final which does not terminate the litigation between the parties to the suit.

*Appeal from the Clay County District Court.*

THE facts are stated in the opinion.

*Tripp & Boyles,* for appellant.

*M. Robbins* and *Gamble Bros.,* for respondent.

MOODY, J.—This is an appeal from an order of the Clay county District Court sustaining the plaintiff's demurrer to the first paragraph of defendant's answer. The demurrer is as follows:

"The plaintiff demurs to the first defense in the defendant's answer herein on the ground that the same on its face does not state facts sufficient to constitute a defense."

Upon trial of the issue of law thus formed, the Court made the following order:

"This action having been heretofore brought to a trial on the issue of law joined, and after hearing argument of counsel in support thereof, and in opposition, ordered, that said demurrer be sustained, and that as to said first defense in the defendant's amended answer herein, the plaintiff have judgment, but with leave to defendant to amend said first defense within five days after notice, on payment of costs, unless defendant elects to stand upon his defense: Let this order be entered by the clerk."

Upon this order no judgment was entered, and no further action taken, except there appears the following endorsement, in no proper way authenticated by being incorporated into a bill of exceptions or judgment, to-wit: "The defendant elects to stand upon the demurrer." Nor does there appear any undertaking to perfect the appeal. The view we have taken of this appeal disposes of it without the necessity of passing upon the effect of these irregularities, but they are noticed as indicating a very loose and unsatisfactory practice too often indulged in by counsel in bringing transcripts to this court.

The defendant's amended answer contains eight paragraphs, several of which are distinct and separate defenses, and to only one of which (the first) as is seen, the plaintiff demurred. Presumably the action is proceeding upon the other issues of fact thus made in the case.

The only question I care to discuss, and which is decisive of this appeal, is this: Will this court in the exercise of the appellate powers and jurisdiction conferred upon it, hear and determine an appeal from an order sustaining a demurrer to a part of a pleading without any judgment thereon, and before there has been any final determination of the litigation between the parties? In other words, will this court allow parties to bring their cases here by piece-meal, during the pendancy of the action in the District Court, and apparently for the purpose only of obtaining the opinion of this court upon a question of practice or law, and perhaps wholly unnecessary to a complete and just disposition of the cause? If by any law, binding upon this court, we are compelled to perform this needless labor, we shall yield obedience to such an enactment, however disastrous, in our opinion, it may be to the best interests of suitors, and causing, as it necessarily will, great and useless delay and expense, and enabling litigious persons to use the courts in a manner amounting frequently to a denial of justice. These reflections will not be deemed ill-timed when we consider that but two terms of this court a year are or can well be held; that the District Courts are either at remote distances from the seat of government, often with crowded and increasing calendars, and that the same Judges constituting this court are compelled to give all the time possible to their duties as District Judges.

But are we helpless to prevent this undoubted evil? This court is the creature of Congress. By the acts of Congress and by the force of those acts only has this court any existence. Its appellate powers and jurisdiction are derived solely from those acts. The law of no other tribunal can confer them. Just so far as Congress has conferred appellate powers and jurisdiction, either by direct enactments or through delegated authority, it possesses them and can exercise them, and it does not possess and cannot exercise other or greater powers. Now what are the appellate powers and jurisdiction conferred by Congress upon this court. Section 1869 of the Revised Statutes of the United States, provides:

" Writs of error, bills of exceptions and appeals shall be allowed in all cases from the final decisions of the District Court to the Supreme Court of all the territories respectively, under such regulations as may be prescribed by law, but in no case removed to the Supreme Court shall trial by jury be allowed in that court."

In that section is plainly expressed the power to hear and determine writs of error and appeals from *final* decisions of the District Courts in all cases; not from interlocutory, orders or decisions; not from orders made or decisions pronounced during the progress of the cause, but from *final* decisions, or what is the equivalent term when applied to an action, from *final* judgment. No judgment is final which does not terminate the litigation between the parties to the suit. (*St. Clair County v. Livingston*, 18 Wall., 628.)

In the section under discussion Congress has described affirmatively the jurisdiction which this court shall exercise, and this affirmative description implies a negation of the exercise of such appellate powers as are not comprehended within it. (*Duvonsseau v. U. S.*, 6 Cranch, 312; *Wiscart v. Dauchy*, 3 Dallas, 321.

When, therefore, Congress enacts that this court shall have appellate jurisdiction over *final* decisions of the District Courts, the act operates as a negation of such jurisdiction in other cases.

It is true that section 1866 of the U. S. Revised Statutes provides that the jurisdiction of the Supreme Court, as well as the District Court, both appellate and original, shall be limited by law; but when construed with section 1869 cannot be held as authority for enlarging the jurisdiction of the Supreme Court in the exercise of

its appellate powers beyond the cases provided in section 1869, but must be construed only as authority to limit its jurisdiction within the limitation prescribed by that section.

By what authority, then, can this court hear and determine this. appeal from a mere order before the *final judgment*—before the litigation between these parties in 'the action now pending in the District Court, is there terminated ?   It is said to be claimed under the authority of the Territorial enactment regulating appeals.   My own view of that Statute is, that it should be construed as a mere regulation under, and subordinate to, said section 1869, and as providing what orders may be reviewed when appealed from in conjunction with the appeal from the final judgment, and after the final termination of the litigation in the District Court; and when so construed, can be sustained.   But if it is to be construed as an enlargement of the appellate powers and jurisdiction of the Supreme Court to the extent that independent appeals may be taken in cases like the one under consideration, or from mere interlocutory orders and decisions, and before the final judgment, I have no hesitation in pronouncing it contrary to the provisions of the aforesaid act of Congress, and therefore in such particular and to that extent a nullity.   It is also contrary to the policy of the law everywhere, except when some intermediate and advisory court may exist, like the general term in New York, and in no sense to which is the organization or establishment, or are the powers of this court, similar.

Why should this court be burthened with this appeal at this time ?   For ought that can be made to appear legally and regularly to this court, while this appeal is pending, and under consideration and advisement, the defendant may have judgment upon the other issues in the case in the District Court, and this court has been pursuing but a myth, a delusion, a mere nothing.

If the Statutes of the Territory are to be construed as I have suggested may be claimed for them, as authorizing this intermediate appeal from an order in the cause pending the action, whence is derived the authority?   Is it claimed by virtue of the language used in section 1869, that writs of error, and appeals, shall be allowed "under such regulations as may be established

by law?" Let us consider the nature of that authority. *Regulations* are to be established—something is to be regulated, not created. What is to be regulated? Clearly the allowance of writs of error, exceptions and appeals from such *final* decisions. Other and independent appeals are not to be allowed, and the exercise of other and different powers and jurisdiction authorized. This would be *creating*, not regulating. It would not be regulating the exercise of a jurisdiction already conferred, but conferring a new and distinct jurisdiction. We cannot in the face of the evils it would entail, and of the policy of the law since appellate courts were established, and against the plain reading of the Statute, presume it was the intention of Congress to authorize the Legislature to establish so absurd a proceeding; and more especially when we observe that identical language is used by Congress in providing for writs of error and appeals from the final decisions of this court to the Supreme Court of the United States. Who would have the temerity to suggest that an appeal or writ of error would be entertained by that court until final judgment here.

It may be thought that the construction of the Territorial statute relating to appeals I have suggested as the true one, to-wit: That the orders mentioned may be reviewed, but must await the final termination of the action and final judgment, is impracticable in some cases, because of the limitation in the time of noticing appeals from certain orders. If such would be the result the remedy is with the Legislature and not with the courts. In any event no other construction can be placed upon that Statute, and the power of this court to sustain it, remain. The rule of law is plain and obvious, that a Statute should be given that construction, if possible, which will enable the court to declare its validity, even though in some exceptional cases it would not apply.

It follows, this appeal being from an order made in the progress of the cause, and not final, is prematurely brought and must be dismissed, without prejudice, however, to defendant's bringing a new appeal after final judgment, if judgment shall be against him.

I have not overlooked the case of *Clay County v. Simonson*, decided at the June term, 1877. The rule now announced does

not differ from any views there expressed or entertained by this court. The court evidently proceeded in the opinion, upon the understanding there was a final judgment.

Chief Justice SHANNON and Justice BARNES concurring.

Let the appeal be dismissed at appellant's costs, without prejudice.

NOTE.—This construction of section 1869 of the Revised Statutes has been since ratified, and the defects in the law indicated in the foregoing opinion remedied, by act of the Legislative Assembly, Approved February 20, 1879.     REPORTER.