WILLIAM H. FIELD, *et al vs.* GREAT WESTERN ELEVATOR CO.

Opinion filed April 21st, 1896.

**Appeal—Dismissal—Entry of Judgment.**

> An order of the District Court, entered in its minutes by the clerk of that court, directing the dismissal of an appeal taken to the District Court from a judgment entered in a county court, does not itself accomplish the dismissal of the appeal. Until a judgment is entered in the District Court upon such order, the action will be pending in the District Court; and, while the action is pending in the District Court an appeal will not lie to this court from the county court, in which the judgment was originally entered.

**Same.**

> This rule is the same whether the order of dismissal made by the District Court is made upon the appellants motion or upon the motion of his adversary.

Appeal from Ransom County Court; *Allen,* J.

Action by William H. Field and Clarence B. Wisner against the Great Western Elevator Company. From a judgment for defendant, plaintiffs appeal.

On motion to dismiss. Granted without prejudice.

*Edward Engerud,* for appellants.

*P. H. Rourke,* for respondent.

WALLIN, C. J. This action originated in the county court for Ransom County, and that court entered a judgment in favor of the defendant, whereupon the plaintiffs perfected an appeal in said action to the District Court for Ransom County, said appeal being taken upon questions of law alone, under the provisions of section 6591, Rev. Code. No statement of the case was made or settled in the county court prior to said appeal to the District Court or at any time. In the District Court the defendant moved to dismiss the appeal upon the ground that no statement had been filed in the action. This motion was denied. The plaintiffs in the action then moved to dismiss the appeal, which motion was granted, and the District Judge entered in the judge's minutes the following memorandum: "Nov. 30th, 1895, on motion of plaintiff's attorney, the appeal herein is dismissed." Subsequently

the clerk of the District Court made the following entry in his minutes: "Nov. 30th, 1895, on motion of plaintiffs' and appellants' attorney, the appeal was ordered dismissed, and the papers in the case ordered returned to the county court." No judgment of dismissal or for the costs of the action was ever entered by the District Court, and no other entrees in the action than those above stated were made in the records of the District Court. Thereafter the plaintiffs, pursuant to said section 6591, made, served, and filed a notice of appeal and undertaking on appeal in said action in manner and form as required by the statute regulating appeals to this court from the District Court, and pursuant thereto the clerk of the said county court certified the record in the action to this court. In this court the defendant and respondent has moved to dismiss such appeal. The motion must be granted. The case falls squarely within the rule laid down in *Re Weber*, 4 N. D. 119, 59 N. W. 523. As has been seen, the appeal was ordered to be dismissed by the District Court, and such order was entered in the minutes of that court, but was not followed by the entry of a judgment of dismissal, or for defendant's costs on appeal. After a very careful consideration, this court laid down a rule for the guidance of counsel in cases of this character. In the case cited we said: "An order of dismissal, whether entered in the minutes of the court, or recorded in a book labeled 'Order Book,' or written out, signed by the judge, and filed, is still an order, and does not constitute a final determination or final judgment;" and further said: "Until judgment is entered upon the order, the action is not determined, but is pending in the District Court." This court, in the case cited, intended to settle a vexed question of practice, and to lay down a plain rule to govern in the matter of dismissing appeals from Justice's Courts to District Courts. We see no reason why the rule should not apply in a case where the appellant moves to dismiss his own appeal. In either case the respondent should have a final determination, and a judgment for costs, which can be reviewed upon appeal.

N. D. R.—26

Dismissals of appeals, for reasons too numerous to mention, are constantly occurring in the District Courts, and hence we consider it a matter of no small practical importance that the proceeding in such cases should be settled and governed by one plain and uniform rule. This rule, as has been stated, was laid down in the case cited, and the case at bar must be governed by it. The motion to dismiss is granted, but without prejudice to another appeal. All concur.