(114 N. W. 369.)

---

F. D. DIBBLE v. C. B. HANSON.

Opinion filed Nov. 13, 1907. Rehearing denied Jan. 10, 1908.

**Appeal — Dismissal — Appealable Order.**

> An order for the dismissal of an action is not an appealable order, and an attempted appeal from such an order confers no jurisdiction upon the supreme court.

Appeal from District Court, Stark county; *Winchester, J.*

Action by F. D. Dibble against G. B. Hanson. Judgment for defendant, and plaintiff appeals.

Dismissed.

*Heffron & Current,* for appellant.

*McBride & Baker,* for respondent.

FISK, J. This is an attempted appeal from an order of the district court of Stark county for the dismissal of the action based upon a motion made by defendant under the provisions of sections 7196, 7198, Rev. Codes 1905. We are without jurisdiction to determine the questions discussed in the briefs of counsel, or in any manner to pass upon the merits of the appeal, for the obvious reason that the order which appellant attempts to have reviewed is not an appealable order. This is not only apparent from the provisions of section 7225, Rev. Codes 1905, but is well settled by numerous

decisions of this court. In re Weber, 4 N. D. 119; 59 N. W. 523, 28 L. R. A. 621; Field v. El. Co., 5 N. D. 400, 67 N. W. 147; Hanberg .v. Bank, 8 N. D. 328, 79 N. W. 336; Cameron v. G. N. Ry. Co., 8 N. D. 124, 77 N. W. 1016; Prondzinski v. Garbutt, 9 N. D. 239, 83 N. W. 23; Lough v. White, 13 N. D. 387, 10 N. W. 1084.

For the foregoing reasons, the appeal must be dismissed, and it is so ordered. All concur.

## ON REHEARING.

Since the foregoing opinion was rendered counsel for appellant have filed a petition for rehearing, in which they contend that the well-established rule that an order for judgment is non-appealable has no application in the case at bar, for the reason, as stated, that a judgment had previously been entered in plaintiff's favor, and hence the order appealed from is an order made after judgment and is appealable. Counsel's contention, no doubt, would be sound if their premise was correct; but, as we view it, the fallacy of their argument consists in the erroneous assumption that the judgment entered by the clerk without an order was and is a valid judgment. Such, however, is not the fact, but, on the contrary, the so-called judgment is a mere nullity; the clerk having no authority by law to enter the same without an order from the court or judge thereof.

Counsel evidently rely upon section 7001, Rev. Codes 1905, as conferring such authority, but this section must be construed together with section 7070, which reads as follows: "Judgment upon an issue of law or fact, or upon confession, or upon failure to answer, may be entered by the clerk upon the order of the court or of the judge thereof." It is and always has been, so far as our information extends, the universal practice in civil actions in this state to enter judgments by default or otherwise only upon an order as provided in the last section. This practice, so universal and so long established, is entitled to much weight in construing the provisions of the foregoing section, but, aside from this consideration, we are convinced from the language employed in these sections, when construed together, that the construction thus adopted and followed by the bench and bar of the state is unquestionably sound. In a number of states authority is expressly conferred by statute upon clerks to enter certain default judgments. This is true in California, Minnesota and New York; but it is uni-

formly held that such authority does not exist except when explicitly granted by statute, and, where thus granted, the clerk in entering such judgments merely acts in a ministerial capacity, and is strictly limited in the exercise of such power to the cases mentioned in the statute. 6 Encyc. Pl. & Pr. 102, and cases cited While there is some diversity of judicial opinion among the courts in states which have adopted this practice as to the validity of a judgment thus entered in cases not strictly within the statute, some holding such judgments void and subject to collateral attack, and others holding them merely voidable, we think the better rule is that such judgments are utterly void. It has been repeatedly so held by the Supreme Court of California. Kelly v. Van Austin, 17 Cal. 564; Glidden v. Packard, 28 Cal. 649; Willson v. Cleaveland, 30 Cal. 198; Oliphant v. Whitney, 34 Cal. 25; Stearns v. Aguirre, 7 Cal. 443; Kennedy v. Mulligan, 136 Cal. 556, 69 Pac. 291. See, also, Adams v. Agnew, 15 S. C. 36. The rule in Minnesota appears to be to the contrary. See Dillon v. Porter, 36 Minn. 341, 31 N. W. 56, and cases cited. The so-called judgment being void, it was no judgment at all, and could be ignored as was done in this case by the trial judge. It follows that the order appealed from is not an order entered after judgment, but is merely an order for judgment; and the well-established rule that the same is nonappealable fully applies.

For the foregoing reasons, the petition for a rehearing is denied. All concur.