E. M. LARSON v. MYRON O. WALKER.

Opinion filed March 18, 1908.

**Appeal — Dismissal — Non Appealable Order.**

> An order denying an application to set aside a previous order, made without notice, striking a cause from the trial calendar and dismissing the same, is not an appealable order.

Appeal from District Court, Barnes County; *E. T. Burke,* J.

Action by E. M. Larson against Myron O. Walker. From an order denying motion to set aside an order dismissing the cause, plaintiff appeals.

Dismissed.

*Parks & Olsberg,* for appellant.
*Herman Winterer,* for respondent.

MORGAN, C. J. This is an appeal from an order denying a motion to set aside an order striking the cause from the calendar and dismissing the same. The order is not appealable. The appellant contends that it is appealable, in view of the fact that the order is one denying a motion to set aside a previous order made without notice. Conceding that the original order was made without notice, notwithstanding the fact that the order recites that it was made on notice, we are satisfied that the order is nevertheless non-appealable.

Appellant contends that the order is appealable under subdivision 5, chapter 7225, Revised Codes 1905, which is as follows: "Orders made by the district court or judge thereof without notice are not appealable; but orders made by the district court after a hearing is had upon notice which vacate or refuse to set aside orders previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice had the same been made upon notice." If the original order striking the cause from the calendar was appealable and made without notice, then it is clear that an appeal would lie from the order attempted to be appealed from in this case. An order refusing to set aside a nonappealable order made without notice is not made appealable by this section, unless the original order made without notice would have been appealable if made on notice. If what would be an

appealable order is made without notice, and an application is made on notice to set aside such order, and such application is denied, this section renders the latter order appealable. The first of these orders is nothing more than an order for judgment, which can only be reviewed on appeal from the judgment. Hanberg v. Bank, 8 N. D. 328, 79 N. W. 336; In re Weber, 4 N. D. 119, 59 N. W. 523, 28 L. R. A. 621; Field v. Elevator Co., 5 N. D. 400, 67 N. W. 147.

The appeal is dismissed. All concur.

(115 N. W. 838.)

Note.—See note to Olson v. Mattison, 16 N. D. 233.