JOHN F. BEYER, Appellant, v. NORTH AMERICAN COAL COMPANY et al., Defendants, HERBERT WILLIAMS, L. V. Williams, A. E. Welport, D. C. Welport, A. Maud Welport, J. L. Trevillyan, E. P. Nicoll, J. L. Ludwig, John E. Tappen, and Investors Syndicate, a Corporation, Respondents.

(173 N. W. 787.)

**Judgments — duty of district court clerk — power of court to amend.**

The clerk of the district court acts in a ministerial capacity in entering judgments. He must enter such judgment as the court has ordered, and none other. And where the clerk enters a judgment different from that ordered, the court may order the judgment to be amended so as to conform to the order for judgment.

Opinion filed July 7, 1919.

Appeal from the District Court of Stark County, *Crawford,* J.

Plaintiff appeals from an order amending the judgment.

Affirmed.

*M. A. Hildreth,* for appellant.

All the equities in this litigation are with Mr. Beyer. The stockholders referred to here have never attempted to assist in any manner in protecting the property. They are *in pari delicto* with the North American Coal & Mining Company officers, Tappen, and the Investors Syndicate. In other words they are wrongdoers. If they have not directly aided, they have remained silent in most of this litigation, occasionally dropping out of the litigation as it suited their taste. The deficiency judgment should stand in this cause.

See decision of this court in Beyer Case, 31 N. D. 247; see decision of this court in Beyer Case, 32 N. D. 543, same case 37 N. D. 320.

*Bangs, Hamilton, & Bangs* and *W. J. Mayer,* for defendants and respondents.

Compiled Laws 1913, § 7638. Judgment upon an issue of law or fact may be entered by the clerk by the order of the court or the judge thereof. Comp. Laws 1913, §§ 7667, 7677.

"Whatever limitations there may be upon the power of a court after final judgments to correct its judicial errors, there is certainly nothing in the way of its correcting its mere clerical mistakes or misprisions, so that the entry may conform to what the court intended it should be. Courts would be very inefficient agencies for the administration of justice, if they had not this power. In this case the court committed no judicial error, but, through the fault of plaintiff's attorney, was led into a clerical mistake, by which a judgment was rendered which the court never intended to pronounce."

"An amendment may be made for the purpose of making a judgment speak the truth." 15 Enc. Pl. & Pr. 225, 228.

The court may, after the expiration of the term, make the record show the judgment as actually rendered by the court. 15 Enc. Pl. & Pr. 220.

Independently of statute, there is not personal liability of stockholders to the creditors of their company. 26 Am. & Eng. Enc. Law, 1017.

CHRISTIANSON, Ch. J. The plaintiff is a minority stockholder in the defendant the North American Coal & Mining Company. He has conducted much litigation to protect his right as such, and to prevent the assets of the corporation from being dissipated. He brought the present action for the purpose of recovering the moneys expended by him in conducting such litigation and in preserving the assets of the company. The sufficiency of the complaint was challenged by a demurrer, and on a former appeal this court held that it stated a cause of action. 37 N. D. 319, 163 N. W. 1061. In the complaint the plaintiff demanded judgment that an accounting be had by the officers and agents of the defendant corporation, and that all parties owning

stock be brought in and made parties to the action; and that a lien be adjudged upon the lands and premises herein described in favor of the plaintiff and against the North American Coal & Mining Company and other defendants herein involved for the amount adjudged to be due to the plaintiff; that said property be impressed with the payment of said lien, and that the same be paid before any other liens. The case was tried to the court without a jury, and resulted in conclusions of law and order for judgment in favor of the plaintiff to the effect that plaintiff had expended certain sums for attorney's fees and disbursements, and in the payment of taxes, for the aggregate of which the court ordered personal judgment in favor of the plaintiff, and against the defendant North American Coal & Mining Company alone. The court further ordered that such judgment be a lien upon the property of the defendant the North American Coal & Mining Company, and that such property be sold to satisfy the same. Upon such findings and conclusions, the plaintiff caused to be entered a personal judgment not only against the North American Coal & Mining Company, but against all of the other named defendants. Subsequently the defendants moved that the judgment be amended by striking therefrom that portion which ordered personal judgment against said defendants other than the North American Coal & Mining Company. The motion was granted and plaintiff has appealed.

Clearly there was no error in amending the judgment so as to make it conform to the judgment actually ordered by the court. The clerk in entering a judgment acts in a ministerial capacity. He must enter such judgment as the court has ordered, and none other. A judgment entered by the clerk where no order for judgment has been made is void, and in fact no judgment at all. Dibble v. Hanson, 17 N. D. 21, 114 N. W. 371, 16 Ann. Cas. 1210.

The order appealed from is affirmed.

GRACE, J. I concur in the result.