GRAIN GROWERS GRAIN COMPANY, a Corporation, Doing Business as Consumers Cordage Company, Appellant, v. THE STATE OF MICHIGAN, Doing Business under the Name and Style of the Board of Prison Industries of Michigan, Michigan State Prison, Michigan State Prison Industries and Harry L. Hulbert, Warden, Respondents, and UNION TRANSFER COMPANY, a Corporation, and Merchants National Bank, a Corporation, Garnishees.

(204 N. W. 838.)

**Appeal and error — order dismissing action is not appealable.**

An order for the dismissal of an action is not an appealable order.

Opinion filed June 13, 1925.

Appeal and Error, 3 C. J. § 332 p. 499 n. 27.

Appeal from the District Court of Cass County, *Cole,* J.

Plaintiff appeals from an order dismissing the action.

Appeal dismissed.

*Harry Lashkowitz* and *Leland J. Smith,* for appellant.

*Lovell & Horner* (*Thomas J. Green,* Assistant Attorney General of the State of Michigan, of counsel), for respondents.

PER CURIAM. Plaintiff brought this action to recover for the alleged breach of a certain contract for the sale of certain binder twine, which it is asserted that the plaintiff ordered from the defendant, and the defendant agreed to ship to the plaintiff. Service was made under the provisions of law of this state relating to substituted service of summons. After service had been made the defendant moved that the action be dismissed on the ground that it is an action against the State of Michigan; that such state has not given its consent to being sued, and consequently that it is not amenable to the process of the courts of this state. The motion was granted, and plaintiff has appealed from the order dismissing the action.

Note.—Appealability of order dismissing action, see 2 R. C. L. 43; 1 R. C. L. Supp. 372; 5 R. C. L. Supp. 66.

52 N. D.—50.

The appeal must be dismissed. In this jurisdiction it is settled beyond all controversy that an order dismissing an action is non-appealable. See Malherek v. Fargo, 49 N. D. 123, 190 N. W. 176, and authorities cited.

While we are precluded from determining the cause on the merits, we deem it proper to say that an examination of the briefs discloses that the decision of this court in Paulus v. South Dakota, ante, 84, 201 N. W. 867, was apparently overlooked by counsel for both parties; and it is difficult to see why the rule announced in that case is not applicable under the facts here.

Appeal dismissed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, JOHNSON, and BURKE, JJ., concur.