This is an appeal from an order amending a judgment to conform to the original order for judgment; and from the judgment as amended, which is the substituted judgment in this case.
This action was commenced in June 1927 for the purpose of cancelling a contract for the sale of land entered into by and between one J.W.K. and this defendant, which contract was assigned, transferred *Page 419 
and set over to the plaintiff. The plaintiff asked judgment that the contract be terminated, "and that she have possession of the property therein described; that the court appoint a receiver to manage and control said property and to collect the rents and profits therefrom and to apply the same for the use and benefit of plaintiff pending the final determination of this action, and that she have such other and further relief as may be proper."
The case was tried in March 1928 and on October 2, 1928 judgment was rendered in favor of the plaintiff; the order for judgment being as follows:
"Ordered, adjudged and decreed, that the plaintiff, Laura M. Klinefelter have judgment against the defendant, E.A. Anderson for the said sum of $5,680.44; that the contract heretofore entered into be terminated, unless the defendant shall on or before the 29th day of November, 1928, pay to the plaintiff the said sum of $5,680.44, together with interest at the rate of 8 per cent per annum from date and costs in the sum of $75.00, and that in the meantime, as a condition precedent to granting him the right to pay said sum, the said defendant, E.A. Anderson, shall on the first day of each month pay to the said plaintiff the sum of $50.00 per month."
On the 18th of October, 1928 the clerk entered judgment in part, as follows:
"Ordered, adjudged and decreed by the court that the plaintiff have judgment herein for the sum of $5,680.44 and interest at the rate of eight per cent per annum from the 29th day of March, 1928, and for the costs and disbursements herein in the sum of $75.00, making a total judgment in favor of the plaintiff and against the defendant in the sum of $5,982.29 and costs in the sum of $75.00."
It will be observed that the judgment entered did not conform to the order of judgment given by the court.
On November 27, 1928, the defendant made application to the court for an order to show cause why the time given to him to redeem should not be extended until the first day of March 1929, and in his application for such order stated "that the defendant intends to and will, if given an opportunity, redeem said property, and that he will, doubtless, be in a position to do so by the first of March, 1929, if the court will extend his period of redemption to said date." *Page 420 
On December 12, 1928 the court granted this application, making a "Decree" wherein the court said:
"Now, therefore, It is hereby considered, ordered and decreed by the Court that the original decree heretofore entered herein, be, and the same is hereby, modified and said defendant is hereby granted to and including the First day of March, 1929, within which to redeem the land contract involved herein, and reinstate the same upon the payment of the amount, due thereon, provided, that said defendant shall pay to the plaintiff a monthly rental of $50 on the first day of each month from and after the entry of this decree."
This decree was served upon plaintiff on January 9, 1929.
In January, 1929, the plaintiff applied to the court for a restraining order to prevent the defendant from removing any of the personal property situated in the building on the real estate. On the 9th of January, 1929, an order was made by the court directed to the defendant to show cause why such restraining order should not be granted.
On January 16, 1929, the defendant appeared and moved to quash this order to show cause and to dismiss the proceedings on the ground, among other things, that a judgment had been entered "onthe 29th day of March, 1928, and that more than six months have elapsed since the entry of said judgment, and that the time to appeal therefrom has expired and that said judgment being in plaintiff's favor is final, in so far as such plaintiff is concerned." This motion to quash was sustained on January 18, 1929.
On April 19, 1929, the plaintiff made a motion to amend the original judgment to conform to the order for judgment as entered by the court on October 2, 1928. The court issued an order to show cause why such application should not be granted, returnable May 1, 1929.
On the return date the defendant appeared and in his return set forth:
"2. That on the 18th day of October, 1928, Findings of Fact, Conclusions of Law and Order for Judgment were entered herein at the instance of the plaintiff, and that said order for judgment, among other things, contained the following:
"`That the plaintiff, Laura M. Klinefelter, have judgment against the defendant, E.A. Anderson, for the sum of $5,680.44.'
"3. That at the same time said Order for Judgment was entered, a *Page 421 
judgment was entered herein in favor of the plaintiff and against the defendant in the following language:
"`Ordered, adjudged and decreed by the court that the plaintiff have judgment for the sum of $5,680.44 and interest at the rate of eight per cent per annum from the 29th day of March, 1928, and for the costs and disbursements herein, in the sum of $75.00, making a total judgment in favor of the plaintiff and against the defendant in the sum of $5,982.29 and cost in the sum of $75.00.'
"4. This judgment has never been appealed from or vacated, and is still in full force and effect.
"5. The time for appeal has now passed, and during the month of January, plaintiff made an application to this court for an order modifying and enlarging the scope of said judgment. Upon a hearing on the matter at Steele, the plaintiff's application was denied and no appeal was ever taken by the plaintiff from the order overruling and denying plaintiff's said application. More than 60 days have elapsed since said order was entered and the time for appeal therefrom has expired, and the order refusing modification of said judgment is now Res Adjudicata, and cannot be relitigated at this time."
On May 7, 1929, the court granted the motion to amend the original judgment, made findings of fact and conclusions of law showing, that judgment had been entered originally on October 2, 1928 giving to the plaintiff an order for judgment as hereinbefore set forth, and that the judgment ordered did not conform thereto, and ordered as follows:
"Now therefore, Upon motion of J.N. McCarter plaintiff's attorney it is hereby ordered that you, Finess Powell, Clerk of the above named court do execute under the seal of this Court, enter, file and record in your judgment Docket, that annexed amended judgment in place of, in lieu of, and to take the place of that judgment now of record in the above entitled action; and, that you the said Finess Powell said clerk of court do file and record the said amended Judgment as of the date upon which you receive this order. It is ordered: that before execution issue hereunder copy of this order and notice of entry of judgment hereunder, be served on defendant. By the Court."
The judgment was amended that day.
On October 17, 1929, the defendant appealed to this court "from that certain amended judgment made and entered herein on the 9th *Page 422 
day of May, 1929, in favor of the plaintiff and against the defendant, and hereby demands a retrial of the issues involved herein."
The specifications of error are as follows:
"1. The court erred in overruling the answer and return, and the motion to quash the order to show cause herein.
"2. The court erred in ordering the amended judgment entered herein.
"3. The court erred in entering the amended judgment herein."
No judgment was entered in March, 1928, decreeing a foreclosure. The motion to quash made in January, 1929, seems to have been based on a misapprehension arising from the fact that the case was tried in March, and doubtless owing to the change of counsel it was assumed judgment was entered then. The order for judgment was not made until October, hence we ignore these proceedings.
The real issue is the power and authority of the court in May, 1929, to order the clerk to correct his mistake and enter judgment in accordance with order of judgment made in October, 1928, with the change of conditions therein made by order of December 12, 1928, the latter order being served January 9, 1929.
This is not a case where it is claimed the court made a wrong decision or judgment or other error of law, to remedy which there must be a new trial, an appeal, or other form of procedure. The court determined the case in favor of the plaintiff; but the clerk did not enter the judgment ordered by the court. When the court made its conclusions of law and order for judgment in writing, signing the same, the judgment was complete. As shown in Comstock v. Boyle, 134 Wis. 613, 126 Am. St. Rep. 1033, 114 N.W. 1111, "the principle is also well settled in this state that if the court pronounces judgment from the bench (with us, signs the Order, § 7667), and all that remains to be done is the clerical duty of reducing the judgment to writing or entering the same or both, the judicial act is complete. So far as the court is concerned, the judgment has been rendered notwithstanding the fact that the clerical acts necessary to preserve the evidence of the judgment have not been performed. . . . In the present case the court filed findings and ordered the entry of the judgment in accordance therewith. The entire judicial act was then performed. There only remained the purely clerical duty of reducing it to writing and entering it of record. *Page 423 
If a mistake was made in the entry, so that the judgment as entered did not accord with the judgment ordered, such mistake might be corrected even at a subsequent term. . . ."
"The right to correct any mere clerical error, so as to conform the record to the truth, always remains." Bank of United States v. Moss, 6 How. 31, 38, 12 L. ed. 331, 334. And this applies "even after term time," (Sibbald v. United States, 12 Pet. 492, 9 L. ed. 1169) "and so the neglect or mistake of the clerk may be corrected." The Palmyra, 12 Wheat. 1, 10, 6 L. ed. 531, 534. In Beyer v. North American Coal Co. 42 N.D. 495, 173 N.W. 787, we held "the clerk of the district court acts in a ministerial capacity in entering judgments. He must enter such judgment as the court has ordered, and none other. And where the clerk enters a judgment different from that ordered the court may order the judgment to be amended so as to conform to the order for judgment." This is based upon the principle that "the right to remedy mistakes is an inherent power with the courts," which may be exercised after judgment, in furtherance of justice, by correcting mistakes as provided for in § 7482 of the Compiled Laws. Dedrick v. Charrier, 15 N.D. 515, 125 Am. St. Rep. 608, 108 N.W. 39. See also Dutton Dredge Co. v. Goss, 77 Cal.App. 727,247 P. 594.
It is not claimed that any rights of third parties are affected or will be affected. This controversy is between the parties to the judgment only and is decided with this in mind. The right claimed is merely the right to have the records show what is in fact the decision and judgment. As said in Day v. Goodwin, 104 Iowa, 374, 65 Am. St. Rep. 465, 73 N.W. 868, "in passing upon the right to this order, it is immaterial whether the proceedings in the case were wrong or irregular, valid or invalid. The sole matter to consider is, shall the failure of a mere ministerial officer to perform his duty have the effect to falsify the action of the court?"
The appellant says the application to have the judgment as entered conform to the order comes too late; that the application is made after the statutory time allowed for appeal and therefore the judgment has become final, and cannot be changed or amended by the court.
Under the common law, there were three general principles governing amendments of judgment. First, "in fieri" the court could change or amend as justice warranted. Second, after a case had proceeded to final *Page 424 
judgment the court had power during term time to amend or modify as required in the interests of justice. Third, after term time all power over the judgment ceased, unless reserved by statute. However, this dealt with the judgment or decision in matters of law. It had no bearing on mistakes. There are exceptions to the rule that a judgment becomes final by lapse of time — either the end of the term, or the expiration of the time limit fixed by statute. One of these is "that clerical errors and misprisions, either in the entry of judgment or due to inadvertence of the court may be corrected." 14 Cal. Jur. 991, 992; Wiggin v. Superior Ct. 68 Cal. 398, 9 P. 647; Re Schroeder, 46 Cal. 305, 316. There are no terms of court in this state in the common law sense of that word. Martinson v. Marzolf, 14 N.D. 301, 309, 103 N.W. 937.
"That a court of general jurisdiction has the right, regardless of lapse of time, to amend or correct errors or misprisions in its records, so that its records shall conform to and speak the truth, cannot be questioned. . . . The power of the court in this regard is frequently exercised where the clerk fails to correctly or fully set forth in the record the order or judgment rendered." McKannay v. McKannay, 68 Cal.App. 709, 230 P. 219; Halpern v. Superior Ct. 190 Cal. 384, 212 P. 916.
In 1 Freeman on Judgments, 5th ed. 281, § 145, the rule is set forth as follows: "All courts have inherent power, independent of statute, to correct clerical errors at any time, and to make the judgment entry correspond with the judgment rendered. This power outlasts the certification of the judgment to a court of concurrent jurisdiction. It is applicable to all mistakes in the entry of judgment whether the correction consists in introducing something which ought to be there, or in excising something which ought not to be there. The power extends to expunging in toto a mistakenly entered judgment and substituting the true one though exactly to the contrary. It is immaterial in what the inaccuracy consists or how far the entry deviates from the judgment rendered."
Even in cases where judgments are final in their nature, there may be conditions attached thereto which should be changed from time to time as required. In Union Trust Co. v. Curtis,182 Ind. 61, L.R.A. 1915A, 699, 105 N.E. 562, the trial court had ordered judgment foreclosing a *Page 425 
railroad and ordered the sale upon certain conditions later found impossible of fulfillment. The court, after the time the judgment became final, changed these conditions in the judgment. It was held: (p. 565) "this, of course, was within the power and duty of the court, either on its own initiative, or at the instance of appellant or others in like situation. While the essential judicatory part of a decree may not be changed by a court after the term when it was rendered, those parts which are directory as to the mode of its execution may be; and of such a nature is the amount of money required to be bid for the property." In the case at bar the court had entered judgment for the plaintiff and ordered the contract to be cancelled unless the property involved was redeemed within the time specified. The court had the power to change this condition upon proper showing, and within the time when the judgment became final. Upon the application of the appellant the court did change this condition and extended the time for redemption. True, appellant did not have a new judgment entered embodying the changed conditions, but he received from the court an order to that effect. It was his duty to have had such a judgment entered, and the law assumes "that which ought to have been done is to be regarded as done in favor of him to whom and against him from whom performance is due." Comp. Laws, § 7263. Even if we were to hold the power of the court to correct a ministerial error is limited to the time given for appeal, which is not the case, the appellant cannot now be heard to say that the real judgment does not date from the time the new order was secured, and so we consider the judgment sought to be modified as of that date. There was no change in the order for judgment given by the court except as to the condition requested by appellant, and the judgment which the appellant should have had entered was not ordered nunc pro tunc. The order which the plaintiff received, requiring the judgment to be entered in conformity with the order for judgment, is dated May 7, 1929, which is less than six months from the date of the order appellant secured granting an extension of time in which to redeem and thus within the period allowed for appeal, were this material.
The appellant says the judgment as originally entered was such judgment as the plaintiff "elected to take" and therefore "she is absolutely precluded from thereafter demanding a cancellation." In support of this he cites the cases of Alden v. W.J. Dyer 
Bro. 92 Minn. 134, *Page 426 
99 N.W. 784; Mathews Piano Co. v. Markle, 86 Neb. 123, 124 N.W. 1129; Ramey v. Smith, 56 Wn. 604, 106 P. 160; Stewart H. Drug Co. v. Ross, 74 Wn. 401, 133 P. 577; and Parke L. Co. v. White River Lumber Co. 101 Cal. 37, 35 P. 442. None of these cases is applicable to the situation at bar. This is not a case where the plaintiff commenced an action to get a personal judgment for an amount due upon a contract. It is a case where the plaintiff commenced an action to cancel a contract and have the real property involved therein reinvested in her. To do this she had to show the contract, the amount for which the property was sold, the default and the amount due on the contract. The defendant was granted the right to redeem. In order to redeem it was necessary for the court to find specifically the amount due. This is what was done in the case at bar. Having the amount stated specifically was not an election on the part of the plaintiff to take a personal judgment. The order for judgment precludes any such idea. It shows what the judgment was. The defendant cites the case of Poirier Mfg. Co. v. Kitts, 18 N.D. 556, 120 N.W. 558, but this case is not applicable. The case cited was merely an action to recover the purchase price and nothing more. The pleadings so showed.
It is true the clerk entered a mere personal judgment, and it may be urged that counsel for the plaintiff must have drawn the order. This is immaterial. The clerk does not sign any and every document and judgment tendered him. It is his business to sign and enter judgment in conformity with the order for judgment even against the protest of the judgment creditor.
The court having the power to correct mistakes of the clerk by entering an order requiring the judgment to conform to the order for judgment, and having such control over the judgment as gave it authority to exercise this power at the time it was exercised; and the appeal simply challenging the power to do so under the circumstances set forth the judgment of the lower court is affirmed.
BURKE, Ch. J., and NUESSLE, BIRDZELL and CHRISTIANSON, JJ., concur. *Page 427