U. L. BURDICK, Respondent, v. BEATRICE MANN, Appellant.

(231 N. W. 545.)

Opinion filed July 1, 1930.

*F. O. Hellstrom,* for appellant.

*Wm. Langer,* for respondent.

PER CURIAM. Plaintiff brought this action to recover for certain services, which he alleges in his complaint that he rendered for the defendant as an attorney at law. The action was originally brought in the district court of Cass county, but on August 26, 1929, it was transferred to the district court of Burleigh county. The case was noticed for trial and appeared upon the December, 1929, term of said court as one of the causes for trial at such term. On December 21, 1929, plaintiff moved that the case be advanced on the calendar. On December 29, 1929, the presiding judge, Honorable R. G. McFarland, entered an order directing that the said December term be reconvened on January 3, 1930, at 10 o'clock A. M. on that day; and further directed that the above entitled action be placed upon the peremptory civil calendar for trial as the second jury case upon such calendar. Thereafter the said Honorable R. G. McFarland duly requested Honorable G. Grimson, one of the judges of the second judicial district, to sit in place of Judge McFarland as judge upon the trial of the said cause. Upon the case being called for trial by Judge Grimson on January 3, 1930, the defendant appeared specially by her attorney F. O. Hellstrom, and so appearing made objection to the jurisdiction of the court. The objection assailed the legality and validity of the order entered by Judge McFarland on December 29, 1929, reconvening the court on January 3, 1930, and setting the above-entitled action for trial upon the peremptory civil calendar as the second jury case. Judge Grimson entered an order overruling the special appearance and objections to jurisdiction. Thereupon the defendant filed an affidavit of prejudice against Judge Grimson and such proceedings were had comformably to law that the Honorable John C. Lowe, one of the judges of the fifth judicial district, was called in to sit in the place of Judge Grimson as trial judge. When the case was called for trial by Judge Lowe on January 4, 1930, the defendant appeared by her said attorney and moved that the order that had been entered by Judge McFarland on December 29, 1929, be vacated and set aside. The motion was denied. The defendant then moved that the action be "abated" as quoted and dismissed. The motion was denied. The defendant thereupon moved the said court that the cause be continued over the term. This motion was also denied. The defendant has appealed to this court from the said last mentioned four orders, to-wit:

614

from the order entered by Judge Grimson on January 3, 1930, overruling the defendant's special appearance and objection to jurisdiction; from the order entered by Judge Lowe on January 4, 1930, denying defendant's motion to vacate and set aside the order entered by Judge McFarland on December 29, 1929; from the order entered by Judge Lowe on January 4, 1930, overruling defendant's motion for a dismissal and abatement of the above action, and, from the order entered by Judge Lowe on January 4, 1930, denying defendant's motion for a continuance.

At the threshold of the case we are confronted with the question whether any of the four orders sought to be reviewed is appealable. It is elementary that the right to appeal from an interlocutory order is purely a statutory one. Ellingson v. Northwestern Jobbers Credit Bureau, 58 N. D. 754, 227 N. W. 360. The statutes of this state provide that an appeal lies to the supreme court from the following orders:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.

"3. When an order grants, refuses, continues or modifies a provisional remedy, or grants, refuses, modifies or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of § 8074 of this code; when it sets aside or dismisses a writ of attachment for irregularity; when it grants or refuses a new trial or when it sustains or overrules a demurrer.

"4. When it involves the merits of an action or some part thereof; when it orders judgment on application therefor on account of the frivolousness of a demurrer, answer or reply on account of the frivolousness thereof.

"5. Orders made by the district court or judge thereof without notice are not appealable; but orders made by the district court after a hearing is had upon notice which vacate or refuse to set aside orders previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from

such order so made without notice, had the same been made upon notice." Comp. Laws 1913, § 7841.

Appellant contends that the orders sought to be reviewed here involve the merits of an action or some part thereof and, hence, fall within subdivision 4, § 7841, supra. A careful consideration of the question leads us to the conclusion that the contention thus advanced is not well founded. The meaning of the phrase "involves the merits of an action or some part thereof" in statutes relating to appeals from interlocutory orders has been considered by many courts and legal writers; it has also been considered by this court in many cases. It is not always easy to determine whether a given order falls within the provisions of such statutes. Ellingson v. Northwestern Jobbers Credit Bureau, 58 N. D. 754, 227 N. W. 360.

In Bolton v. Donavan, 9 N. D. 575, 84 N. W. 357, this court said: "The term 'merits' as used by the profession, when applied to actions, usually denotes the subject or ground of an action as stated in the complaint, or the grounds of defense as stated in the answer; and a trial of the merits of an action generally means the elicitation of evidence in support of the averments of fact set out in the pleadings. But the courts, in construing statutes governing appeals from interlocutory orders, have frequently enlarged this meaning, and have held that the phrase, 'involves the merits,' must be so interpreted as to embrace orders which pass upon the substantial legal rights of the suitor, whether such rights do or do not relate directly to the cause of action, or subject-matter in controversy."

The Encyclopædia of Pleading and Practice (2 Enc. Pl. & Pr. 75) says: "Where statutes allow an appeal from interlocutory orders 'affecting a substantial right' or 'involving the merits,' an order in the nature of a final judgment decisive of some question or point in the case is meant, as distinguished from mere rulings on matters of practice arising during the progress of the cause."

In Corpus Juris (3 C. J. 452) it is said: "An order 'involving the merits,' within the meaning of the statute, must be decisive of the question involved in the cause or of some strictly legal right of the party appealing as distinguished from mere questions of practice. The phrase, 'involves the merits,' has been construed by the courts to embrace orders which pass upon the substantial legal rights of the party

complaining, whether such rights do or do not relate directly to the cause of action or subject-matter in controversy."

The supreme court of our sister state, South Dakota, in considering this question, said:

"The overruling of an objection made to the jurisdiction of the court, or the denial of a motion to set aside the service of a summons on jurisdictional grounds, is not an order affecting a substantial right, and is not appealable under the provisions of our statute nor reviewable in this court before the entry of final judgment. An order that involves the merits of an action is one that goes to its substance or subject matter, and affects the justice of the cause; and it cannot be said that the order from which this appeal is taken is of that character." Ryan v. Davenport, 5 S. D. 203, 204, 205, 58 N. W. 568.

In Ostlund v. Ecklund, 42 N. D. 83, 171 N. W. 857, this court had occasion to consider the question whether an order refusing to require a party to give security for costs was an appealable one under § 7841, supra. In disposing of that contention this court said:

"We are of the opinion that the order sought to be reviewed on this appeal does not involve the merits of an action, or any part thereof. It was merely an interlocutory order. It left the rights of the parties upon the merits of the matter entirely unadjudicated. It did not in any manner interfere with or impede appellant's right or means of presenting her side of the controversy. So far as the merits of the controversy are concerned, it is not before us, but still remains pending in the court below. In fact it is possible that the matter has been tried on its merits while this appeal has been pending. As was aptly remarked by the territorial supreme court (Harris Mfg. Co. v. Walsh, 2 Dak. 41–44, 3 N. W. 307): 'Why should this court be burthened with this appeal at this time? For aught that can be made to appear legally and regularly to this court, while this appeal is pending, and under consideration and advisement, the defendant may have judgment upon the other issues in the case in the district court, and this court has been pursuing but a myth, a delusion, a mere nothing.'"

The language used in Ostlund v. Ecklund, 42 N. D. 83, 171 N. W. 857, supra, is equally applicable to the case before us here.

The order entered by Judge McFarland advancing the case upon the calendar is clearly not an appealable order under any of the provisions

of § 7841, supra. Horicon Shooting Club v. Gorsline, 73 Wis. 196, 41 N. W. 78; Colt v. Vedder, 19 Minn. 539, Gil. 469. The order made by Judge Grimson denying the application to vacate such former order stands on no higher basis than the order sought to be vacated. Larson v. Walker, 17 N. D. 247, 115 N. W. 838. Under the decisions of this court the order denying the motion for an abatement and dismissal of the action is not appealable. Persons v. Simons, 1 N. D. 243, 46 N. W. 969. The same is also true of the order overruling the objections to the court's jurisdiction. Baird v. Lefor, 52 N. D. 155, 38 A.L.R. 807, 201 N. W. 997. The order denying the application for a continuance is so clearly not within the terms of the statute providing for appeal from interlocutory orders that any comment seems unnecessary. During the entire history of the state no one has ever thought that an appeal would lie from such orders. If appeal did lie it would put a premium on delay and render the administration of justice difficult and expensive. As was said by this court in Holobuck v. Schaffner, 30 N. D. 344, 346, 152 N. W. 660 (in considering the appealability of an order allowing an amendment to a complaint) :

"The order from which the appeal in the case at bar is taken does not come under any of the above subdivisions, and is clearly not appealable. If an appeal were allowed from this order, a skilful litigant by succession of such appeals could greatly delay, if not entirely prevent, final judgment in any case."

Appellant insists that if the orders sought to be appealed from are nonappealable, she will be denied all right of review of these orders. In support of this contention appellant's counsel cites Bolton v. Donavan, 9 N. D. 575, 84 N. W. 357; and Northern P. R. Co. v. Barlow, 20 N. D. 197, 126 N. W. 233, Ann. Cas. 1912C, 763. As pointed out in the decision of Ellingson v. Northwestern Jobbers Credit Bureau, 58 N. D. 754, 227 N. W. 360, the cases cited are not authority for the rule suggested by the appellant. The correct rule, as regards the review of intermediate orders on appeal from the judgment, is that announced by this court in Ellingson v. Northwestern Jobbers Credit Bureau, supra. As there pointed out, on an appeal from the judgment, the court may review any intermediate order involving the merits or necessarily affecting the judgment which is embodied in and a part of the judgment roll even though no statement of case has been settled

and where the appeal brings up for review merely the judgment-roll proper. But, this does not mean that intermediate orders or rulings which are not appealable are thereby rendered final and not subject to review. On the contrary, every order or ruling made by the trial court may be reviewed on an appeal from the judgment where they are embodied in and properly made a part of the record by a statement of the case. The same rule is announced by the Supreme Court of Minnesota under statutes quite similar to our own. See Lundblad v. Erickson, (Minn.) 230 N. W. 473.

We are agreed that the orders are non-appealable; and that the alleged appeals presents no question for review and hence must be dismissed. Kennelly v. Northern P. R. Co. 41 N. D. 395, 170 N. W. 388.

Appeal dismissed.

CHRISTIANSON, NUESSLE, BURR, and BIRDZELL, JJ., and PUGH, Dist. J. concur.

BURKE, Ch. J., being disqualified did not participate; Honorable THOMAS H. PUGH, Judge of the Sixth Judicial District, sitting in his stead.