MRS. PERCY M. HANSEN, Appellant, v. NORTHERN PACIFIC RAILWAY COMPANY, a Railway Corporation, et al., Respondents

(233 N. W. 848.)

Opinion filed December 23, 1930.

*P. W. Lanier,* for appellant.

*Conmy, Young & Conmy,* for respondents.

BIRDZELL, J.  The plaintiff brought action against the Northern Pacific Railway Company as initial carrier and a number of other railroad companies as connecting carriers to recover damages alleged to have been sustained as a passenger while on the lines of the connecting carriers.  For lack of proper service the action as against the connecting carriers was dismissed.  .It proceeded to trial against the Northern Pacific Railway Company alone and at the trial a verdict was rendered in favor of the plaintiff, upon which judgment was promptly entered.  Thereafter the defendant moved for judgment notwithstanding the verdict, which motion was based upon a motion for directed verdict made at the close of the trial and all the records and files in the action, but not upon a settled statement of the case.  Schumacher v. Great Northern R. Co. 23 N. D. 231, 136 N. W. 85; Kanable v. Great Northern R. Co. 45 N. D. 619, 178 N. W. 999.  This motion being granted, the plaintiff appeals.  The notice of appeal reads:

"Please Take Notice:  That the plaintiff herein appeals to the Supreme Court of the State of North Dakota, from the order of the Honorable Fred Jansonius, Judge of the District Court for the Fourth Judicial District in and for said state, dated March 25th, 1930, and filed and entered on or about the 28th day of March, 1930, said order setting aside judgment rendered in favor of plaintiff and dismissing said action with prejudice; this appeal is for the purpose of having the supreme court review the action of the trial court, and a hearing in the supreme court is demanded upon said motion to the end that the action of the trial court be reversed, and the judgment in favor of plaintiff rendered in the district court reinstated."

The original record on appeal did not contain the order, but on suggestion of this court the order appealed from was later certified and made a part of the record.  The record contains no judgment entered pursuant to the order.  The appeal must necessarily be considered as an appeal from the order for judgment.  It has been repeatedly held that such an order does not fall within any classification under § 7841 of the Compiled Laws of 1913, which specifies what orders are reviewable in this court.  Dibble v. Hanson, 17 N. D. 21, 114 N. W. 371, 16 Ann. Cas. 1210; Malherek v. Fargo, 49 N. D. 123, 190 N. W.

176; Grain Growers Grain Co. v. Michigan, 52 N. D. 785, 204 N. W. 838.

The order appealed from not being an appealable order, the appeal must be dismissed. It is so ordered.

BURKE, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.