Max LANDOWSKI, Plaintiff and Appellant,

v.

FORX MOTOR COMPANY, a corporation, Defendant and Respondent.

No. 7691.

Supreme Court of North Dakota.

Oct. 14, 1957.

Lyche & Lyche, Grand Forks, for appellant.

Shaft, Benson & Shaft, Grand Forks, for respondent.

GRIMSON, Chief Justice.

The plaintiff brought this suit under Section 9-1005, NDRC 1943 against the defendant for removing soil from plaintiff's land for use in construction on a neighbor's land. The defendant entered a general denial. The case was tried to a jury. At the close of plaintiff's testimony the defendant moved that the plaintiff's action be dismissed on the ground that there was no evidence supporting plaintiff's claim. This was denied. When the defendant had rested he renewed his motion for a dismissal of plaintiff's action on the grounds that the plaintiff had wholly failed to make out a case against the defendant. This motion was resisted and after some argument it was granted. An order granting the dismissal was thereafter entered. From that order this appeal is taken.

In this court the defendant moved that the appeal "be dismissed on the grounds that an appeal does not lie from an order dismissing an action."

This court has repeatedly held that an appeal from an order dismissing an action is not appealable under Section 28–2702, NDRC 1943. See In re Weber, 4 N.D. 119, 59 N.W. 523, 28 A.L.R. 621; Field v. Great Western Elevator Co., 5 N.D. 400, 67 N.W. 147; Lough v. White, 13 N.D. 387, 100 N.W. 1084; Cameron v. Great Northern Ry. Co., 8 N.D. 124, 77 N.W. 1016; Hanberg v. National Bank of Wahpeton, 8 N.D. 328, 79 N.W. 336; Larsen v. Walker, 17 N.D. 247, 115 N.W. 838; Dibble v. Hanson, 17 N.D. 21, 114 N.W. 371; 16 Ann.Cas. 1210; Malherek v. City of Fargo, 49 N.D. 123, 190 N.W. 176.

Appellant, however, claims that this order dismissing the case determines the action and is, therefore, appealable under subsection 1 of Section 28–2702, NDRC 1943. He cites the case of Charlson v. Charlson Estate, N.D., 75 N.W.2d 321, as authority for an appeal from the motion to dismiss and for a consideration of the merits in this court on such an appeal. In that case after the presentation of the plaintiff's case the defendant moved to dismiss the complaint. The court, after some discussion, stating it could find no evidence supporting the plaintiff's charges, dismissed the action. After that, how-

ever, findings of fact and conclusions of law were drawn up and signed by the court. Judgment was entered thereon and the appeal was from the judgment. The merits of the order for dismissal were considered on the appeal from the judgment. "Non appealable orders may be reviewed upon an appeal from the judgment where such orders and the facts essential to their review are embodied in a settled statement of the case, which is made a part of the record on appeal." Burdick v. Mann, 59 N.D. 611, 231 N.W. 545.

In Grain Growers' Grain Co. v. State of Michigan, 52 N.D. 785, 204 N.W. 838, 839, this court said: "In this jurisdiction it is settled beyond all controversy that an order dismissing an action is nonappealable. See Malherek v. City of Fargo [49 N.D. 123], 190 N.W. 176, and authorities cited."

Appeal dismissed.

MORRIS, SATHRE, JOHNSON and BURKE, JJ., concur.