CITY OF MINOT, a municipal corporation, Plaintiff and Respondent,

v.

MINOT HIGHWAY CENTER, INC., et al., Defendants,

and

Henry L. Zeman, Defendant and Appellant.

No. 8035.

Supreme Court of North Dakota.

March 21, 1963.

**598**

Jonathan C. Eaton, Jr., Minot, for defendant and appellant.

Bosard, McCutcheon & Coyne, Minot, for plaintiff and respondent.

TEIGEN, Judge.

The defendant Henry L. Zeman has appealed from an order dismissing his claim for damages in a condemnation action brought by the respondent, City of Minot. The appellant had not been made a party defendant in the City's action for condemnation but he appeared and answered as permitted by Section 32–15–20, N.D.C.C. In his answer he claimed an interest in a portion of the property described in the complaint as a lessee of The Texas Company, a named defendant. The matter came on for trial before a jury. When the plaintiff had adduced his evidence and rested, the City of Minot moved for an involuntary dismissal under Rule 41(b), N.D.R.Civ.P., on the ground that under the facts and the law the defendant has shown no right to relief against the City and has failed to show any loss or any damage that is compensable. The motion was resisted by the defendant. The court granted the motion finding that, as a matter of law, the defendant was not an owner of a leasehold interest during the period claimed (March 31, 1961, the date of the taking, and August 31, 1961, the expiration date of his claimed lease) because the said Henry L. Zeman had entered into a written voluntary cancellation of the lease with The Texas Company on March 31, 1961, made effective the same day.

The court, in its written order for dismissal entered after it had orally dismissed the case in open court and discharged the jury, stated:

"NOW, THEREFORE, IT IS HEREBY ORDERED that this action for damages to the alleged leasehold of Henry L. Zeman, be and the same is hereby dismissed without prejudice."

This appeal is taken from the order of dismissal. In this court the defendant moved that the appeal "be dismissed on the grounds and for the reason that the Order dismissing his action is not appealable." This court has repeatedly held that an appeal from an order dismissing an action is not appealable under Section 28–27–02, N.D.C.C. See In re Weber, 4 N.D. 119, 59 N.W. 523, 28 L.R.A. 621; Field v. Great Western Elevator Co., 5 N.D. 400, 67 N.W. 147; Lough v. White, 13 N.D. 387, 100 N.W.

1084; Cameron v. Great Northern Railway Co., 8 N.D. 124, 77 N.W. 1016; Hanberg v. National Bank of Wahpeton, 8 N.D. 328, 79 N.W. 336; Larsen v. Walker, 17 N.D. 247, 115 N.W. 838; Dibble v. Hanson, 17 N.D. 21, 114 N.W. 371; Malherek v. City of Fargo, 49 N.D. 123, 190 N.W. 176 and Landowski v. Forx Motor Co. (N.D.), 85 N.W.2d 422.

The appellant claims that this order dismissing the case bars the appellant's claim on the merits because the court found that appellant had no leasehold interest between the dates for which he sought to recover damages and, therefore, could not recover as a matter of law. This particular order, he argues, comes within the terms of Subsections (1) and (5) of Section 28–27–02, N.D.C.C.

He claims that on appeal from such order the questions are the same as if the appeal were from an order for a directed verdict and cites in support thereof the federal case of Kingston v. McGrath, 9 Cir., 232 F.2d 495, 54 A.L.R.2d 267. It was a jury case in which the United States Court of Appeals, Ninth Circuit, held that a dismissal under the federal rule was the equivalent of a grant for a directed verdict and would be reviewed as a directed verdict would be reviewed, with the claimant given the benefit of every inference which can reasonably be drawn from the evidence viewed in the light most favorable to the claim.

■ This action is in eminent domain and the only function a jury serves, if a jury be demanded, is to assess the damages. Sections 32–15–13 and 32–15–22, N.D.C.C.

The appellant cites two North Dakota cases. Thompson v. Hannah Farmers Cooperative Elevator Co. (N.D.), 79 N.W.2d 31 and Johnson v. Sebens (N.D.), 86 N.W.2d 386. Directed verdicts were granted in these cases and the orders were reviewed on appeal; however, in both of the cases cited by the appellant, judgments of dismissal were entered and appeals were taken from the judgment. The merits of the order directing the verdict were considered on appeal from the judgment.

> "Nonappealable orders may be reviewed upon an appeal from the judgment where such orders and the facts essential to their review are embodied in a settled statement of case, which is made part of the record on appeal." Burdick v. Mann, 59 N.D. 611, 231 N.W. 545.

The order of involuntary dismissal is premised on Rule 41(b), N.D.R.Civ.P. The North Dakota Rules of Civil Procedure, unless otherwise provided in the chapter, are applicable to and constitute the rules of practice in eminent domain proceedings. Section 32–15–33, N.D.C.C. The rule provides in part:

> "If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)."

Rule 52(a), N.D.R.Civ.P., provides that the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. This was not done and judgment has not been entered.

■ The right to appeal is purely statutory and exists in such cases as are prescribed by law. Anderson v. Bothum, 77 N.D. 678, 45 N.W.2d 488; Ellingson v. Northwestern Jobbers' Credit Bureau, 58 N.D. 754, 227 N.W. 360; Burdick v. Mann, supra and In re Heart River Irrigation District, 77 N.D. 827, 47 N.W.2d 126.

■ An order to be appealable must not only be an order affecting a substantial right but also must be an order which, in effect, determines the action and prevents a judgment from which an appeal may be taken. Subsection (1), Section 28–27–02, N.D.C.C.; and Zenker v. Winder (N.D.), 68 N.W.2d 671. Under Subsection (5) of said Section 28–27–02, N.D.C.C., the order must be a final order which involves the merits of the action or some part thereof,

Although the wording of the court's order of dismissal is in final language, it nevertheless may be rescinded or modified by the trial court itself until judgment is entered and, therefore, is not final. An order for involuntary dismissal involving the merits of the case, or some part thereof, made under this provision of Rule 41(b), N.D.R. Civ.P., must order judgment entered thereon as the rule provides. Because the order does not so state does not permit this court to alter the rule. This case has not progressed to the point where it is appealable.

Appeal dismissed.

MORRIS, C. J., and BURKE and STRUTZ, JJ., concur.

ERICKSTAD, J., not being a member of this Court at the time of submission of this case, did not participate.