## POLYCHRONIS v. PALACE MEAT & GROCERY CO. et al.

No. 6442.   Decided October 7, 1942.   (129 P. 2d 879.)

See 19 C. J. S. Corporations, sec. 724; 13 Am. Jur., 543, 855.

*Walter C. Hurd,* of Salt Lake City, for appellant.

*L. B. Wight,* of Salt Lake City, for respondents.

LARSON, Justice.

An appeal from a judgment rendered in a family row by the District Court of Summit County. Appellant, hereinafter called plaintiff, a stockholder in the Palace Meat and Grocery Company, a corporation, brought this action against respondents, the corporation and individuals constituting the holders of all the rest of the corporate stock, hereinafter called defendants, praying that defendant, Jim Polychronis, be restrained from acting as manager of the corporation and that he be required to restore to the corporation the wages he had received from it, and that an account be rendered.

Defendants answered. The corporation set up three counterclaims against plaintiff: One on an open book account for groceries drawn by plaintiff; one on an open book account of Dr. Sheen, guaranteed by plaintiff; and one for money of the corporation illegally paid out by plaintiff while acting as a director and as secretary-treasurer of the company. No objection was made at any stage of the proceedings that these items were not properly pleadable as counterclaims, and on the trial plaintiff's counsel said:

"To expedite matters as to the counterclaims, the plaintiff admits, I mean regardless of whether it is a proper counterclaim, we make no objection on that account. As to the first counterclaim the plaintiff admits he owes the corporation that much money, $171.90." "As to the second counterclaim we will prove he [plaintiff] guaranteed Dr. Sheen's account up to $20.00, and this [the $4.75 they sued for] is in excess of that amount.'

The third counterclaim, he said, presented merely a question of law. Upon trial judgment on the complaint was rendered against plaintiff, "No cause of action." On each of the counterclaims judgment was rendered against plaintiff, and in favor of defendant corporation. Plaintiff appeals and assigns eight particulars in which he claims the findings are not sustained by the evidence. He also assails the judgments on the counterclaims, now for the first time contending they were not properly pleadable as counterclaims; and assigns the entry of the whole judgment as error. Without setting out the assignments we will discuss the matters raised therein as far as pertinent to the disposition of this cause.

We need not discuss the matter as to whether the counterclaims were properly pleadable as such. No objection thereto was made, issue was joined, and as quoted above counsel expressly waived the question and asked to have them determined in this action to expedite the matters. As to whether a cause of action is properly pleadable as a counterclaim is not a jurisdictional matter.

The court had jurisdiction to hear all these matters, and when the causes of action were pleaded and no objection was raised, issue was joined, and the parties presented their evidence and submitted the cause, they cannot now complain that the court determined them. There is no merit to the assignments going to that matter.

The court found that at a stockholders' meeting on April 27, 1936, Melba Polychronis (Jim's wife), was elected a director of the company; at a stockholders' meeting on May 24, 1936, Defendant Jim Polychronis was elected president, and Defendant Melba Polychronis, vice president, and Plaintiff Tony Polychronis, secretary-treasurer of the corporation; that there were no other stockholders than these three. Complaint is made that the evidence does not sustain this finding.

Plaintiff put in evidence the minutes of a stockholders' meeting, April 27, 1936, kept by him as the company secretary, which minutes showed that five directors for the ensuing year were elected. George, Tony, Jim, and Mrs. Jim (Melba) Polychronis and Peter Farthelas were elected directors. Plaintiff himself nominated Melba Polychronis for director. Plaintiff also put in evidence the minutes of a meeting, May 24, 1937, kept by him as secretary showing that Jim Polychronis was elected president, Mrs. Jim Polychronis (Melba), was elected vice-president, and Tony Polychronis was elected secretary. On motion of plaintiff they were also elected directors of the company. It is admitted those three were the only stockholders.

The assignment says there is no proof Melba qualified as a director, and that the articles of incorporation provide that the president or vice president be elected by the directors and not by the stockholders. We find no evidence that Melba did not qualify as a director. As to the matter of Jim and Melba being elected president and vice president, respectively, by the stockholders instead of the board of directors, at that time there were only three stockholders, all of whom were present, and all of whom

were directors. As shown by the minutes kept by plaintiff and put in evidence by him, he was one of the three stockholders, one of the three directors, participated in the action, making motions and voting to elect Jim president and Melba vice president, and himself secretary-treasurer, and he acted as such by virtue of that election. Certainly he is not in a position to raise the question on the ground that it constitutes mismanagement against him for them to act as such.

We come now to the assignments pertaining to the amounts embraced within the judgments on counterclaims 2 and 3. The second counterclaim involves an item of $4.37. While plaintiff was working for the corporation he was indebted to Dr. Sheen. He authorized the doctor to draw goods at the store against his account. The goods drawn amounted to $24.37. Plaintiff claims his liability was limited to $20; the corporation claimed otherwise. The evidence on neither side is very satisfactory. We see no reason for disturbing the conclusion of the trial court who saw and heard the witnesses.

The third counterclaim involves $21.74 which it is claimed plaintiff while secretary-treasurer unlawfully paid out of the company's funds. Of this amount $15.75, consisting of $5 paid to himself, $5 paid to Peter Farthelas, and $5.75 paid to George Polychronis for attending a directors' meeting. On September 8, 1936, a directors' meeting was held at Park City. Three directors, plaintiff, Peter Farthelas, and George Polychronis were present. They passed a motion directing payment of $5 to each director attending a board meeting, including the meeting then in session. Pursuant thereto, plaintiff as secretary-treasurer paid the three sums indicated above. The articles of incorporation provided that no officer of the corporation could receive any remuneration from the company except for work done in the store. Plaintiff does not seriously contend he should not return the $5 he received, but argues that since the board of directors ordered it paid he should not be liable for what the others got. Plaintiff was a member of the board

of directors. As such he seconded the motion authorizing the payment and voted for it. Since the articles of incorporation prohibited such action plaintiff as a participating member of the board laid himself liable. His liability is not founded upon the mere fact that as a secretary he drew the checks and as a treasurer he paid them. Being an incorporator, stockholder, and director, he knew the limitations and so becomes liable because of his acts as director as well as secretary and as treasurer. The corporation could have proceeded against the participating officers severally or jointly. There is no merit to the assignment as to this item. Now as to the $6 item making up the $21.75. The evidence on this matter without contradiction shows that plaintiff was secretary-treasurer of the company, and as such was charged with the duties of issuing pay checks; that while on sick leave he did not draw his regular salary; that at the request of the president and manager, he checked the books each week for the new bookkeeper to see the bills were properly paid, and made out sales and unemployment tax returns; that his charges therefor were only $1 per day actually worked, which was reasonable; that his work was done in and as a part of the work in the store. We find no evidence to justify the finding that this six dollars was wrongfully or unlawfully paid out. Judgment against plaintiff for this amount was error.

As to any of the other matters discussed we find no error. The judgment against plaintiff is ordered modifed by striking from it the provision with respect to the $6 item, and as so modified it is affirmed. Appellant to recover costs.

MOFFAT, C. J., and WOLFE and McDONOUGH, JJ., and M. J. BRONSON, District Judge, concur.

PRATT, J., on leave of absence.