507 P.2d 365

**N. D. THATCHER, Jr., et al., Plaintiffs and Respondents,**

**v.**

**WASATCH CHEMICAL COMPANY, a corporation, Defendant and Appellant.**

**No. 12933.**

Supreme Court of Utah.

March 7, 1973.

Richard M. Mollinet, of Crawford, Hatch, Kirsch, Mollinet & Bates, Salt Lake City, for appellant.

Frank J. Allen, of Clyde, Mecham & Pratt, Salt Lake City, for respondents.

TUCKETT, Justice:

This action was filed by the plaintiffs to recover bonuses claimed to be due by them from the defendant. Other issues of law and fact raised by the pleadings were disposed of by stipulation prior to trial. After a trial was had on the remaining issues, the court found in favor of the plaintiffs and from that decision the defendant has brought the case here.

The defendant, Wasatch Chemical Company, is a Utah corporation and has been doing business in the state of Utah for a long period of time. The corporation was closely held and all of its stock was owned by the Thatcher family and the Bradshaw family with approximately 50 per cent of the shares owned by each of the families. For a number of years it had been the practice of the defendant corporation to award annual bonuses to deserving employees. The annual bonuses were awarded by the directors to the directors, officers and employees at the close of each of the company's fiscal years. It appears from the evidence that the company policy was to fix salaries on a conservative basis and to supplement the salaries by the giving of annual bonuses the amounts to be

determined by the amount of income and profits earned by the corporation during the year. The plaintiffs were employed in the management of the corporation and had continued their employment from year to year with the understanding and expectation that their salaries would be augmented by an annual bonus.

The net income and profits from business operations during the year 1966 were the highest in at least ten years. On April 20, 1967, the board of directors of the defendant unanimously adopted a resolution that the plaintiff Lawrence E. Thatcher be paid a bonus of $4,000, and the plaintiff Winston L. Thatcher a bonus of $2,000. The directors who approved the bonuses, together with their wives, represented a majority of the outstanding shares of capital stock of the defendant corporation. At a meeting of the board of directors held on July 7, 1967, a resolution was adopted which rescinded the prior action of the board in approving the bonuses. The court below found that the bonuses had been earned by the plaintiffs and that payment of the same was unlawfully withheld by the defendant.

It appears from the record that the plaintiffs rendered valuable services to the defendant with the understanding that they would receive proper compensation therefor.[1] We are of the opinion that the action of the trial court is amply supported by the record and the decision of that court is affirmed. Respondents are entitled to costs.

CALLISTER, C. J., and CROCKETT, J., concur.

HENRIOD, Justice (concurring):

I concur because it appears that over an extended period of time, the stockholders had approved and ratified, by silence or otherwise, the action pursued. Otherwise I would have some reservations, since generally the directors have no authority, without stockholder consent, to set either their salaries or any kind of fringe emoluments, including bonuses for themselves at Yuletide. On the other hand, the stockholders, particularly in a sort of family hassle as appears to be the case here, silently cannot consent to a practice that invites a procedural sense of security, only suddenly, without warning, effectively to rebel without some kind of notice.

ELLETT, Justice (dissenting):

I dissent.

The Thatcher family owned 50 per cent of the stock of the defendant. The other 50 per cent was owned by the Bradshaw family and J. Vernon Monson. Lawrence E. Thatcher was vice president and general manager of the defendant corporation, and Winston L. Thatcher was the secretary and manager of operations.

---

1. Church v. Harnit, 6 Cir., 35 F.2d 499.

At a directors' meeting held April 20, 1967, Lawrence E. Thatcher moved that bonuses of $3,000 be awarded to himself and to Winston L. Thatcher and that $300 be awarded to each of the other directors who were not on the payroll. The motion was amended to give Lawrence E. Thatcher $4,000 and Winston L. Thatcher $2,000, and as amended it was unanimously adopted. Immediately thereafter Lawrence E. Thatcher and Winston L. Thatcher resigned from their respective offices in the defendant corporation. Before payment was made, the stockholders rescinded the purported bonuses by a vote of 2851.50 to 1110.50.

The minutes of the defendant show that small bonuses were given for the years 1947 through 1958. The minutes for the years 1959 through 1964 are silent on the matter, and presumably no bonuses were given for those years. Bonuses were given again in 1965 in the amount of not exceeding $300, and in 1966 bonuses of $1,000 were given to Lawrence E. Thatcher and Winston L. Thatcher. These bonuses were all given for past services and were nothing more than an attempted gratuity.

When a corporation adopts bylaws providing for regular bonuses or some form of profit sharing which is reasonably related to services to be rendered, it is binding when accepted by continued service.[1] The instant matter is not such a case. The granting of bonuses to themselves by the directors of the appellant corporation was an attempt to give themselves extra pay for past services. There was no offer to be accepted. In fact, the immediate resignation of the respondents shows clearly that it was a mere gratuity. While the stockholders rescinded the bonus resolution before payments were made, there really was no need to do so. The better law is stated in 19 Am.Jur.2d, Corporations, § 1414, as follows:

There is authority that bonuses cannot be granted to officers or directors—at least, as against the protest of stockholders—by way of compensation for services already rendered gratuitously or by way of increased compensation for services already rendered for a prescribed compensation. Certainly, the directors cannot, in the absence of special authorization, vote themselves "back-pay" as compensation for services theretofore rendered or vote themselves retroactive increases of salary. . . .

With regard to corporate employees, as distinguished from directors or officers, there is some authority that bonuses for past services paid to the employees, in addition to their fixed salaries, are unauthorized. However, according to other cases, the granting of a bonus to *employees* for services rendered

---

1. Zwolanek v. Baker Mfg. Co., 150 Wis. 517, 137 N.W. 769 (1912).

in the past is not ultra vires where *properly awarded.* [Emphasis added.]

While our statute provides that the board of directors can fix the salary of directors,[2] giving a bonus is something else. An individual director, however, is disqualified from voting when he has a pecuniary interest in a resolution. The law on that point is stated in 19 C.J.S. Corporations § 805:

> . . . Directors are precluded from fixing, increasing, or voting compensation to themselves for either past or future services by them as directors or officers, unless they are expressly authorized to do so by the charter or by the stockholders, . . . The director who claims compensation for his services, being disqualified from voting on the question, if he is necessary to make up a quorum of the board, or if his vote is necessary to the result, the resolution will be void or voidable; . . . Also where the interested director or officer presides at the meeting and in this manner controls its deliberations, the resolution is invalid. Where the directors vote themselves salaries by means of different resolutions, or by voting on the same resolution in parts, the fact that each director refrained from voting on the resolution fixing his own salary will not validate the transaction. . . .

See Angelus Securities Corporation v. Ball, 20 Cal.App.2d 423, 67 P.2d 152 (Cal. App.1937); Adams v. Mid-West Chevrolet Corporation, 198 Okl. 461, 179 P.2d 147 (Okl.1946); and Polychronis v. Palace Meat & Grocery Company, 102 Utah 201, 129 P.2d 879 (1942).

In the case of Wonderful Group Mining Co. v. Rand [3] it was held that a resolution of the trustees (directors) of the plaintiff corporation granting compensation to themselves was void, and plaintiff corporation was permitted to recover judgment for the amount of money which had been paid pursuant to the void resolution. The trustees attempted to evade the law by severing the motions and having each member refrain from voting on his particular matter. In holding the scheme void, the court said:

> Granting that the board of trustees might compensate officers, but not trustees, for past services, it is the rule that where concerted action of this kind is taken the passing of a resolution awarding such pay must be had without the vote of any one pecuniarily interested in the resolution. The board of trustees consisting of five members, it was necessary for three disinterested members to vote for the passage of each resolution. The record shows that of the four voting for each resolution three were pecuniarily interested in the general scheme,

2. Sec. 16–10–33, U.C.A.1953 (Replacement Vol. 2).

3. 111 Wash. 557, 191 P. 631, 633 (1920).

although the scheme was divided into three resolutions. . . .

In the instant matter the resolution in question gave to each director not on the payroll a bonus of not less than $300. Each such director was disqualified from voting on the resolution and, therefore, it was void absent a showing that a majority of the directors were on the payroll. Besides, the resolution was rescinded by the stockholders before payment was made.

I would reverse the case and award costs to the appellant.