Frances L. BELLON, Plaintiff and
Respondent,

v.

Adam BELLON, Defendant and Appellant.

Civ. No. 8887.

Supreme Court of North Dakota.

Dec. 6, 1973.

Theodore Kessel, Jr., LaMoure, for defendant and appellant.

James R. Jungroth, Jamestown, for plaintiff and respondent.

ILVEDSON, District Judge.

The plaintiff, Frances L. Bellon (hereinafter referred to as Frances), and the defendant, Adam Bellon (hereinafter referred to as Adam), were married on June 23, 1941, in Spiritwood, North Dakota. There was one child born as the issue of this marriage, and she is now an adult.

At the time of the divorce, Frances was 56 years of age and Adam was 67. The trial of the action was completed October 16, 1972. The district court found that irreconcilable differences existed between Frances and Adam and that Frances was entitled to an absolute divorce.

Adam in his appeal contends that the trial court made an inequitable division of the property of the parties.

Adam was a farmer at the time of his marriage to Frances in 1941. The only real estate he then owned was a section of land which he had purchased two weeks previously. He had a small equity in this land of approximately $500 which was the initial down payment. He rented eleven other quarters of land. He owned a full line of farm machinery. He stated he owned a hundred head of cattle, including fifteen milk cows, and ten or twelve sows with pigs. Frances testified that he had considerably less than one hundred head of cattle and disputed the amount of farm machinery Adam said he had. Adam testified that he had $10,000 in cash at the time of marriage. Frances denies this and states that they were in a financially poor condition. The evidence discloses that he purchased two quarters of land in 1936 but that he permitted these quarters to be repossessed by the mortgagee in 1939, just two years prior to this marriage. Some of his machinery was mortgaged. Adam quit

farming in 1947 when he held an auction sale of all machinery and livestock. The proceeds of the sale amounted to $26,000. The Bellons then moved to Jamestown, North Dakota, where they purchased a home at 911 Third Street. They later purchased an older and smaller house at 814 Fourth Avenue in Jamestown for rental purposes. After the auction sale in 1947, Adam leased his farm land on a share basis. He purchased a considerable amount of other land in later years. In 1966 he sold all of his land to his son by a first marriage, Clifford Adam. At the time of the trial, Clifford Adam owed $41,216 on the contract of purchase.

Frances taught at a country school during the first year of marriage. When their only daughter was old enough to attend school, Frances began to have outside employment again. She was employed at a nursing home from 1947 to 1953. She began substitute teaching in 1954. At the time of her marriage she had a standard certificate for teaching. She became a full-time teacher from 1961 to 1968. She was a substitute teacher again in 1969–70. She has been employed as a special education teacher since 1970, working from 8:00 a. m. until noon of each school day. Her present take-home pay is $273 per month. She has been informed that she must secure her degree in Special Education within two years if she is to continue teaching in North Dakota. Although Frances assisted her relatives financially from time to time with the money she earned, there is ample testimony to show that she also used a considerable portion of these earnings for her own clothes, general household expenses and some items of furniture for the home. While she lived on the farm with her husband, she did chores, assisted with the milking of the cows, and occasionally worked in the field. Frances has two savings accounts of $10,000 and $9,192 representing money she inherited in recent years from her mother and an aunt.

In making a distribution of the property of the parties to the action, the trial court awarded and divided the property as follows:

TO FRANCES L. BELLON:

| | |
|---|---|
| House, 911–3rd Street ($14,500 value, less mortgage) | $ 5,883. |
| 1972 Malibu Chevrolet | 2,000. |
| U. S. Savings Bonds | 1,450. |
| Certificate of Deposit | 1,050. |
| Furniture | 1,200. |
| .3639% of balance due on contract for deed on farm land purchased by Adam's son | 15,000. |
| | $ 26,583. |

The Court also concluded that Frances was entitled to the inheritance from her aunt and mother, represented by the two savings accounts totaling $18,192.

TO ADAM L. BELLON:

| | |
|---|---|
| House at 814–4th Avenue ($5,300 value, less mortgage) | $ 4,171. |
| 1972 Dodge automobile | 2,750. |
| 1969 Dodge pickup | 1,900. |
| Horses | 200. |
| Horse trailer and two-wheel trailer | 450. |
| .6361% of balance due on contract for deed on farm land purchased by Adam's son: | 26,216. |
| | $ 35,477. |
| Less debts to be assumed by Adam | 6,733. |
| | $ 28,954. |

The trial court determined that Adam had approximately $10,000 in property (real, personal, and cash) when he married Frances. The Court stated that was the reason why Adam was being awarded $26,216, compared to only $15,000 to Frances, out of the balance still due and owing on the contract for deed for the sale of the farm land to Clifford Adam. In addition to the above-listed property, the trial court awarded to Adam a number of items of personal property of the value of approximately $2,500.

■ The scope of review of the findings of a district court on an appeal to this court from a case tried without a jury is limited by Rule 52(a) of the North Dakota Rules of Civil Procedure, which provides, in pertinent part:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of

law thereon and direct the entry of the appropriate judgment; and in granting or refusing temporary injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. *Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses . . . ."* (Emphasis added.)

The power of the district court to divide property between the parties after a divorce is provided by section 14–05–24, N. D.C.C., which states in pertinent part:

"When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper . . . ."

■■ Thus, when a divorce is granted, the court, in the exercise of its judicial discretion, shall make an equitable distribution of the property. Fleck v. Fleck, 79 N.D. 561, 58 N.W.2d 765 (1953). In Fischer v. Fischer, 139 N.W.2d 845, 847 (N.D.1966) we evolved the criteria to be followed in dividing property after a divorce, as follows:

"In determining a division of property between the parties in a divorce action, the court, in exercising its sound discretion, will consider the respective ages of the parties; their earning ability; the duration of the marriage; the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time, its value at that time, its income-producing capacity, if any, and whether accumulated or acquired before or after the marriage; and such other matters as may be material."

On this appeal, specification of errors one, two and three pertain to the claim by Adam that the value placed by the Court upon the 1972 Malibu Chevrolet, the household furniture, and the house at 911–3rd Street were too low. All of these were awarded to Frances by the Court.

The Malibu Chevrolet was the personal automobile of Frances. It was purchased with her own savings. The purchase price was $3,000. Adam claims the value to be $2900. There was no testimony of its condition or mileage. The trial court accepted the valuation of $2,000 placed upon the car by Frances.

The household furniture was valued by Adam at $3,000. She valued it at $1200. There were a number of items that Frances either inherited or purchased with her own savings. The detailed description of the furniture by Frances disclosed that most of the furniture was quite old. The Court determined the value to be $1200.

The house at 911–3rd Street was purchased in 1947 for $13,500. Adam stated he had made many improvements in the house and that the materials alone amounted to $3,900. He did his own carpentry work. The evidence shows that nearly all of these improvements were made twenty-five years ago. Adam valued the house at $18,000. Frances testified without objection that a realtor had told her the house was worth $14,500 or $15,000 at the most. She detailed its bad state of disrepair, such as the basement floor being crumbled. The trial court found its value to be $14,500.

The fourth specification of error states that the trial court was in error in giving Adam credit for only $10,000 of property at the time of marriage, and in allowing Frances to retain the money she inherited from her aunt and mother. The fifth and sixth specification of error in general claims that the trial court was in error in dividing the property as it did and that Adam should have been awarded more property and Frances less property.

There is no rigid rule for the division of property. Fleck v. Fleck, 79 N. D. 561, 58 N.W.2d 765. Certainly, the evidence is inconclusive as to the amount of cash and value of property owned by Adam when he married Frances. Frances disputes much of his testimony. His claim that he had $10,000 in cash in his personal possession in the year 1941 is suspect in view of the testimony of Frances that they were in poor financial condition and the fact that he permitted two quarters of land to be repossessed by a mortgagee just two years previously. Under the circumstances we agree that the trial court rightfully awarded Frances the money she inherited.

Counsel for Adam argues that Frances has an annual income from interest on her savings accounts (the inheritance) of $1288 and that this added to her salary for teaching results in an annual income of $4960 per year. On the other hand, counsel points out that Adam has a total annual income of only $3320 resulting from earnings from his dance band and carpentry of $1680, rental income from the smaller house of $200, and social security of $1440. But counsel overlooks the testimony of Adam which clearly shows that he chooses to work just enough to stay under the maximum earnings allowable under social security which was $1680 per annum at the time of trial. Trans. # 2, p. 88. Counsel ignores the fact that Frances must attend college for two years to secure her degree in special education which will result in a total loss of teaching income for that period of time.

The trial court saw the witnesses, heard their testimony, observed their conduct and general demeanor. Rule 52(a), supra, specifically states that due regard should be given to this opportunity of the trial court to judge of the credibility of the witnesses. Adam appears to be a litigious individual, acknowledging that he has been in "lots" of lawsuits. He admits that he executed a conveyance of all his interests in his farm property to his wife in 1967 and that this conveyance was set aside by a creditor in a suit in district court. The court found that the transfer was in fraud of creditors. During that trial Adam Bellon concealed the fact that he had in his possession an unrecorded deed of the property which he persuaded his wife to execute transferring all of the farm property back to himself and his wife. In view of such evidence it is not surprising if the trial court gave more credence to the testimony of Frances than to Adam.

A perfectly fair distribution in divorce cases is impossible to attain. It is just not that simple. There are too many factors that are influenced by the human equation. In divorce actions, the trial court has the responsibility of finding facts and resolving conflicts in evidence, and findings of fact based on conflicting evidence will not be disturbed on appeal unless manifestly and palpably contrary to the evidence as a whole, or induced by an erroneous view of the law.

We are satisfied that the division of property, both real and personal, by the district court was equitable and supported by the guidelines in Fischer. We hold that the findings for such division of property were not clearly erroneous within the purview of Rule 52(a), N.D.R.Civ.P. The judgment is affirmed.

ERICKSTAD, C. J., and TEIGEN, VOGEL and KNUDSON, JJ., concur.

The Honorable WM. L. PAULSON deeming himself disqualified did not participate; the Honorable ROY A. ILVEDSON, Judge of the Fifth Judicial District sitting in his place.

VOGEL, J., was not a member of this Court at the time of submission of this appeal, he participated on the briefs filed in this case.