**Adam BELLON, Plaintiff-Appellant,**

v.

**Frances L. BELLON and Patricia Bellon, Defendants-Appellees.**

**Civ. No. 9146.**

Supreme Court of North Dakota.

Dec. 22, 1975.

Rehearing Denied Jan. 19, 1976.

DeLayne G. Nassif, Fargo, for plaintiff-appellant.

MacKenzie & Jungroth, Jamestown, for defendants-appellees; argued by James R. Jungroth, Jamestown.

PEDERSON, Judge.

Adam Bellon appeals from a summary judgment dismissing his action to quiet title to Lot 4, Block 86, Klaus' Third Addition to the City of Jamestown. We affirm and remand for amendment.

Lot 4 was acquired by the Bellons after their marriage and was their residence prior to June 1972 when Frances sued Adam, seeking a divorce and a property division. Judgment was entered divorcing the parties, awarding Lot 4 to Frances and other property to Adam. Adam appealed from that judgment and this court affirmed in December 1973. *Bellon v. Bellon*, 213 N.W.2d 376 (N.D.1973).

Now Adam claims that because he was the last record title holder to Lot 4 prior to the divorce judgment, the courts did not have jurisdiction to award Lot 4 to Frances. He claims that § 14–07–04, NDCC, and this court's holding in *Fleck v. Fleck*, 79 N.D. 561, 58 N.W.2d 765 (1953), support his position. The trial court ruled that Adam's action was a collateral attack on the judgment in the divorce case.

Section 14–07–04, NDCC, which is not a part of the North Dakota divorce laws, provides:

"Except as otherwise provided by section 14–07–03 [relating to duty to support], neither the husband nor the wife has any interest in the property of the other, but neither can be excluded from the other's dwelling."

This statute dates back to Dakota Territorial Law (Dakota Civil Code, § 78, 1877), and abolished all marital property interest. Among the common law states, only North Dakota and South Dakota have adopted such provision. See "Marital Property and the Conflict of Laws," 38 N.D.L.Rev. 475 (1962).

Although *Fleck v. Fleck, supra,* cited this statute, we do not construe the case as holding that the court lacks jurisdiction to determine the distribution of the property of either party in making an equitable distribution. For an interesting comparison see *Hagert v. Hagert,* 22 N.D. 290, 133 N.W. 1035, 38 L.R.A.,N.S., 966, Ann.Cas. 1914B, 925 (1911).

We said in *Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966), at syllabus 7, that one of the factors to be considered in a division of property between the parties in a divorce action is whether the property was acquired before or after the marriage. We have consistently held that in making an equitable distribution the court shall consider all of the property of the parties, both jointly and individually owned. See *Agrest v. Agrest,* 75 N.D. 318, 27 N.W.2d 697 (1947), and *McLean v. McLean,* 69 N.D. 665, 290 N.W. 913 (1940).

Section 14–05–24, NDCC, specifies that "when a divorce is granted, the court *shall make* such equitable distribution of the real and personal *property of the parties* as may seem just and proper * * * " (emphasis added), and § 14–05–25, NDCC, states that "when the wife has a separate estate sufficient to give her a proper support, the court in its discretion may withhold any allowance to her *out of the separate property of the husband.*" (emphasis added.)

Lot 4 was acquired by the Bellons after their marriage. The distribution awarded to the Bellons was found to be equitable in *Bellon v. Bellon, supra.* There is no indication that Frances had a separate estate sufficient to give her a proper support nor that the trial court deemed it advisable that she should not be allowed a share of the separate property of her husband.

We affirm the summary judgment and the attorney fees awarded by the trial court. The action being purely a collateral attack on a judgment in a case where the court did have jurisdiction over all of the property owned by the parties, both jointly and separately, the appeal is deemed to be frivolous. Under Rule 38, N.D.R.App.P., additional, reasonable attorney fees on appeal are awarded to Frances in the amount of $780.00. The case is remanded for amendment of the judgment accordingly.

ERICKSTAD, C. J., SAND and VOGEL, JJ., and DOUGLAS B. HEEN, District Judge, concur.

WM. L. PAULSON, J., deeming himself disqualified, did not participate; DOUGLAS B. HEEN, District Judge, sitting in his place.