Keith D. DANKS, Plaintiff and Appellee,

v.

William J. HOLLAND, Defendant, Third-Party Plaintiff, and Appellant,

v.

RED RIVER TRANSFER & STORAGE, INC., a corporation, Third-Party Defendant and Appellee.

Civ. No. 9231.

Supreme Court of North Dakota.

Sept. 29, 1976.

Steven C. Lian, of Farhart, Rasmuson, Olson & Lian, Minot, for plaintiff and appellee and third-party defendant and appellee.

Richard P. Olson, of Pringle & Herigstad, Minot, for defendant, third-party plaintiff, and appellant.

VOGEL, Justice.

The principal issues before us on this appeal relate to the dismissal of a third-party complaint by the trial court, the propriety of an order of the trial court denying an order to compel discovery, whether a judgment entered without prejudice is appealable, and whether the appeal is frivolous. We hold in favor of appealability and against frivolity, and affirm the judgment.

Keith D. Danks, the plaintiff, is the principal owner and chief executive officer of two corporations, Red River Transfer & Storage, Inc., and Hanson-Maves & Compa-

ny, the business and records of which are so intermingled as to make them appear to be one business.

William J. Holland worked as the Minot manager for the two corporations from the fall of 1970 until October 1, 1973. His salary was paid by Red River. He was paid $200 per week during the entire period of his employment, but he also received "bonuses" of $2,000 for fiscal 1970, $3,000 for fiscal 1971, and $5,000 for fiscal 1972. Red River's fiscal years ended on September 30. The $3,000 bonus for 1971 consisted of $1,500 checks from each of the two corporations. The 1972 bonus was paid by Hanson-Maves.

Holland asserts that the bonuses were part of his compensation and that he is entitled to a bonus for the reasonable value of his services over and above his salary for the period from October 1, 1972, to October 1, 1973, at the end of fiscal 1973. These contentions were put forth as a defense to the principal action and as a basis for the third-party complaint.

The original action was brought by Danks to obtain repayment of $10,382.50 which he was required to pay to a bank on account of his cosignature on a $10,000 bank loan to Holland which Holland had not paid. Holland conceded that the debt was unpaid and did not deny that Danks was required to pay it, with interest. The trial court therefore granted summary judgment in favor of Danks and against Holland for $10,382.50 in the principal action. In that action Danks had denied personal liability for any bonus, pointing out that the employment contract was between Holland and the two corporations. Holland thereupon commenced the third-party action against Red River Transfer & Storage, Inc.

The trial court dismissed the third-party complaint without prejudice, and denied a motion to compel discovery in the third-party action. Holland appealed from the judgment, the dismissal of the third-party complaint, and the order denying the motion for discovery.

## I. MOTION TO DISMISS APPEAL

Danks moved in this court to dismiss the appeal, claiming that the appeal is from a nonappealable order. The appeal was "from the final judgment and the orders granting the Plaintiff summary judgment, dismissing the Third Party Complaint and denying the . . . Motion to Compel Discovery . . ." Holland contends that the fact that the judgment as to the third-party complaint was dismissed "without prejudice" deprives the judgment of finality and makes it nonappealable, and that the orders are nonappealable under Section 28–27–02, N.D.C.C., which permits appeals from an "order affecting a substantial right . . . when such order in effect determines the action and prevents a judgment from which an appeal might be taken" or an "order which involves the merits of an action or some part thereof" as well as certain other orders. These arguments are not persuasive.

A judgment entered without prejudice is generally held to be appealable. *United States v. Wallace & Tiernan Co.*, n. 1, 336 U.S. 793, 69 S.Ct. 824, 93 L.Ed. 1042 (1949); *Russell v. Johnson*, 14 Wis.2d 406, 111 N.W.2d 193 (1961). Other cases are collected at 4 C.J.S. *Appeal and Error* § 121, n. 38.

Further, the statute on appeals from judgments, Section 28–27–01, N.D.C.C., does not contain any limitation such as a requirement of finality. It merely says that "A judgment . . . in a civil action . . . may be removed to the supreme court by appeal as provided in this chapter." Limitations as to finality and substantiality are found in the statute on appealable orders, Section 28–27–02, N.D.C.C., but not the statute on appeals from judgments, Section 28–27–01.

We hold that a judgment entered without prejudice is appealable. We also hold that the orders, while not appealable in themselves,[1] are properly before us for re-

---

1. The order dismissing the third-party complaint leaves open the merits of the claim, which may be asserted in a separate action. Under the Federal practice, it is not appealable.

view because a judgment entered pursuant to the orders was appealed, and the judgment is appealable. See *City of Minot v. Minot Highway Center, Inc.*, 120 N.W.2d 597 (N.D.1963).

 Even if the orders were not made reviewable by entry of a judgment to enforce them, they would still be reviewable on appeal from a judgment, since nonappealable orders may be reviewed on appeals from judgments. *Stormon v. District Court of Pierce County*, 76 N.D. 713, 38 N.W.2d 785 (1949); *Burdick v. Mann*, 59 N.D. 611, 231 N.W. 545 (1930).

The motion to dismiss the appeal is denied.

## II. DISMISSAL OF THE THIRD–PARTY ACTION

The trial court, after depositions had been taken and interrogatories served and answers to interrogatories refused (see below), ordered that the third-party complaint be dismissed

"without prejudice on the grounds that the Third Party action is not proper since there is no evidence that there is to be an implied bonus to be paid by the Plaintiff to Defendant in view of the clear and undisputed evidence of the expressed bonus policy by the Corporation. There is no evidence of any wrongdoing or other grounds which would form the basis of piercing the Corporate veil and holding the Plaintiff, Keith D. Danks personally liable for any bonus."

There is some difference of opinion between the parties as to what this order means. Holland is apprehensive that the reference to the "bonus policy by the Corporation" constitutes a finding on the merits that no bonus was due Holland from anyone, and refers us to a letter in evidence, transmitting a bonus check, which includes these words:

"Please keep in mind that any bonus you receive this year will have no bearing on future years. It could be more or less, depending on sales and profits, efforts that you expend to earn profits, attitudes, honesty, and many other factors that I may notice and consider over the year."

We do not so read the order. As we read it, the court referred to the bonus policy of the corporation only in order to emphasize that there was no evidence whatever of any obligation by Danks personally to pay a bonus. This conclusion is fortified by the fact that the court made the dismissal without prejudice (thereby permitting a separate action against Red River), and by the clear statement that there was no implied bonus to be paid "by the Plaintiff [Danks] to Defendant [Holland]." As we read the order, the trial court held that the third-party action was improperly joined to the main action, since the main action was between Danks and Holland, while the third-party claim was one by Holland against one of the corporations and, so far as the record shows, was totally unconnected to the subject matter of the main action. Such a determination does not reach the merits of Holland's claim against one or both of the corporations.

 Third-party actions are authorized by Rule 14, N.D.R.Civ.P., if brought against a "person not a party to the action who is or may be liable to [defendant] for all or part of the plaintiff's claim against him." Red River is not liable for all or any part of Holland's note to the bank, which was co-signed by Danks. Red River may or may not be indebted to Holland for a bonus for fiscal 1973. If it is so indebted, that debt is unconnected with the bank loan. The third-party claim is not derivative from, or dependent on, the main action. For a similar case, and a similar holding, see *LaSalle v. Kane*, 8 F.R.D. 625 (E.D.N.Y.1949). The suggestion was made on oral argument that the bank loan was to be paid out of future bonuses, but the record is devoid of evidence to sustain the argument.

*Allegheny Airlines, Inc. v. LeMay,* 448 F.2d 1341 (7th Cir. 1971). We also note the absence of an order under Rule 54(b) which is required

in order to make interlocutory orders appealable.

Third-party complaints, under Rule 14, are generally brought under theories of indemnity or contribution. "The general purpose of Rule 14 is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment *against him, and a judgment in his favor against the third-party defendant.*" 3 Moore's Federal Practice ¶ 14.04, p. 14–189. Since the record indicates that the claim involved in the main action and the claim involved in the third-party complaint are totally unrelated, it was entirely proper for the court to dismiss the third-party action.

■ Even if we were to disagree with the wisdom of the trial court's decision to dismiss the third-party action, we still would recognize that its decision to do so was made within a very broad area of discretion open to it. Wright & Miller, Federal Practice and Procedure: Civil § 1446. The trial court has the right to consider such factors as avoidance of circuity of action, additional complexity introduced into a relatively simple case, the availability of various defenses to different parties, whether the introduction of unrelated controversies would complicate the case to the prejudice of one of the parties, and even the timing of the making of the third-party complaint. 3 Moore's Federal Practice ¶ 14.05[1], pp. 14–193 to 14–196.

We affirm the dismissal of the third-party action on the grounds stated. If the dismissal had been with prejudice and on the merits, a serious question might have been raised, since the third-party complaint appears to raise a fact question as to whether a bonus is payable by Red River or Hanson-Maves to Holland. Such a fact question has been presented in *Simon v. Riblet Tramway Co.*, 8 Wash.App. 289, 505 P.2d 1291 (1973); and *Thatcher v. Wasatch Chemical Co.*, 29 Utah 2d 189, 507 P.2d 365 (1973), among others. That fact question is not disposed of by the dismissal without prejudice, or by this appeal.

We likewise agree with the trial court that nothing in the record justifies holding Danks personally liable for a bonus. Past bonuses had been paid by the corporations. While Danks, as executive officer, had decided on the amount of the bonus in each case, it never was his personal obligation to pay it.

■ It is a commonplace that officers and directors are not personally liable for the ordinary debts of a corporation in the absence of fraud, other recognized extraordinary circumstances, or specific statutory provision imposing liability. Mere nonpayment by a corporation of a disputed item of bonus or salary is not sufficient, without more, to justify holding an officer, director, or principal owner (or one person who is all three) liable for the ordinary debts of a corporation.

Holland asserts that *Mahanna v. Westland Oil Co.*, 107 N.W.2d 353 (N.D.1960), permits the courts to ignore the existence of corporations and grant relief such as Holland seeks here. In *Mahanna*, we held that two corporations which were operated together, with one bank account and blended identities, could be treated as one corporation. If the question before us here was whether Red River and Hanson-Maves could be treated as one corporation, we might follow the rule of *Mahanna*. But the question before us is different. The question here is whether an officer of both corporations can be held personally liable on contracts of the corporations. We find nothing in the record to justify holding the officer liable.

■ The two citations given by Holland to support his claim that he is entitled to "pierce the corporate veil" to reach Danks personally [*Hyde v. Hyde*, 78 S.D. 176, 99 N.W.2d 788 (1959), and 19 C.J.S. Corporations § 839] indicate that corporate entities may be disregarded, and individuals controlling them reached, only in extraordinary cases where fraud or undue influence is shown. See also *Schriock v. Schriock*, 128 N.W.2d 852 (N.D.1964). Here, the record indicates no such flagrant wrongdoing, but

only a disputed question of the right to a bonus which is claimed to be a portion of salary.

### III. DENIAL OF FURTHER DISCOVERY

During pretrial discovery proceedings, Holland served interrogatories demanding that Red River furnish the names of managers of all branch offices and the salary and bonus paid to each for a four-year period. Holland also requested production of tax returns of both corporations and Internal Revenue forms 941 and W–2 for the same period.

Upon Red River's refusal to comply, Holland moved to compel compliance. The trial court, at the same time it ordered summary judgment on the original complaint and dismissal of the third-party action, denied the motion to compel discovery on the ground that some of the information demanded in the interrogatories had been furnished and that the tax returns were immaterial and irrelevant.

■ In view of the dismissal of the third-party complaint, which we have found to be proper, on grounds which would not have been affected by production of the tax returns and other information sought, it was entirely appropriate for the trial court to deny the motion to compel discovery. Having held that Red River should not be sued in the third-party action, the court was entirely correct in holding that the discovery sought was immaterial and irrelevant. In a future action it may, of course, be material and relevant.

### IV. MOTION FOR COSTS ON ACCOUNT OF FRIVOLOUS APPEAL

■ Danks asserts that Holland's appeal is frivolous and taken for purposes of delay, and that costs should be assessed in favor of the appellee, as was done in *Bellon v. Bellon,* 237 N.W.2d 163 (N.D.1975).

Sections I, II, and III of this opinion show that we do not consider the appeal frivolous.

The *Bellon* case was one where a frivolous action resulted in the imposition of costs in the district court. A frivolous appeal followed and likewise resulted in imposition of costs. We find no parallel between that case and this, and we would deplore any tendency to request a finding of frivolity in any appeals except those flagrantly groundless, as *Bellon* was, and the present appeal is not. The motion for costs is denied.

### CONCLUSION

We affirm, but reiterate that we express no opinion on the merits of a claim by Holland against one or both corporations. Such a claim would seem to present factual issues which were not resolved at either the trial or appellate level of the present action.

Affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.