**Florence Rose HILLE, Plaintiff and Appellee,**

v.

**Melvin Simon HILLE, Defendant and Appellant.**

**Civ. No. 10015.**

Supreme Court of North Dakota.

Dec. 30, 1981.

Joseph A. Vogel, Jr., of Vogel Law Firm, Mandan, for plaintiff and appellee.

Lester J. Schirado, Mandan, for defendant and appellant.

VANDE WALLE, Justice.

Melvin Hille appealed from a judgment of the district court of Morton County granting Florence Hille an absolute decree of divorce from Melvin and dividing the marital property of the parties. We affirm.

Melvin and Florence were married in August 1948. Five children, all of whom are emancipated, were born of the marriage. According to the memorandum opinion[1] filed by the trial court it was an "unhappy, stormy marital relationship."

The only issue raised by Melvin in this appeal is that the trial court erred in its division of property. Within this issue Melvin argues that the division was not equitable because the trial court did not give consideration to property that he acquired prior to his marriage to Florence and because the trial court did not give adequate consideration to property that was acquired by him from his parents during the marriage to Florence.

Section 14-05-24, N.D.C.C., specifies that when a divorce is granted the court "shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, . . ." A review of the numerous annotations to that section in the North Dakota Century Code leaves no doubt that the issue of property division in divorce decrees has been the subject of numerous opinions by this court. The now-famous "Ruff-Fischer" guidelines developed by this court in *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952), and *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966), are cited in virtually every brief filed with this court in such matters. Those guidelines allow a trial court to consider, among other things, whether the property was accumulated or acquired before or after the marriage and such other matters as may be material. *Klitzke v. Klitzke*, 308 N.W.2d 385 (N.D. 1981).

We have also held that a trial court's determinations on matters of child support and division of property are treated as findings of fact and, pursuant to Rule 52(a), N.D.R.Civ.P., these findings will not be set aside on appeal unless clearly erroneous. *Klitzke, supra.* We have also indicated numerous times that a finding of fact is not clearly erroneous unless we are left with a firm and definite conviction that a mistake

1. As permitted by Rule 52(a), N.D.R.Civ.P., the trial judge ordered that the memorandum opinion stand in lieu of formal findings of fact and conclusions of law.

has been made. *Sanford v. Sanford*, 301 N.W.2d 118 (N.D.1980).

The parties agreed to a division of much of their property. At issue is one-half section of land and the buildings thereon and an apartment house in Mandan. The trial court gave Melvin a life estate in the one-half section of land with the remainder to Florence and gave Florence a three-fourths interest and Melvin a one-fourth interest in the apartment building. The result of this division, when considered with the other division of property which the parties agreed to, discloses that Florence received property with a value of $140,625 and Melvin received property with a value of $134,901. Melvin argues that he should receive the one-half section of land as well as the apartment building in total because money from Melvin's parents, by way of gift or inheritance, was used to obtain the property.

Our review of the findings of the trial court does not lead us to a firm and definite conviction that a mistake has been made. It is apparent the trial judge considered the issues which Melvin raises when, in the memorandum opinion, the judge stated:

"When the parties married, Mrs. Hille brought with her to the marriage little in the way of assets. Mr. Hille operated a service station that was either a gift or a purchase from his father, depending on which version of the evidence one accepts. Which is correct is of no great importance. Mr. Hille's father also transferred title to Lot 3, Block 5, in the City of Mandan, apparently using $11,000 received from Mr. Hille's mother. The parties built a home on this lot which they still own but which has since been converted to a two-unit apartment house, sometimes referred to in the evidence as a duplex.

"In 1958 the service station was sold, and in 1959 the parties purchased a farm from Mrs. Hille's parents, consisting of 640 acres. Considerable dispute exists whether the price ($25 per acre) was below actual market value. I do not consider this a material issue. If Mrs. Hille's parents made a gift to the extent that the purchase price was less than fair market value, it was a gift to both parties. The sum of $4,800 was paid in cash, and the balance taken as a mortgage. This money came from the sale of the service station.

"Mr. Hille contends another $16,000 was invested, over the years, in the farm, but specific evidence on this point was not submitted. Mrs. Hille's parents, themselves, originally financed the balance due, but some years later the farm was refinanced and the balance was paid them. The farm was refinanced a couple of times thereafter, with proceeds being used for farm expenses and improvements."

The trial court noted that Florence worked away from home during much of the marriage and that she "in addition to supplying food and clothing, used her income to provide the family with items beyond the basics but certainly not in the category of luxuries. She assisted four of the children in obtaining higher education by providing funds for them from time to time when they were in need."

The trial judge further found:

"Mrs. Hille's ability to accumulate assets has been enhanced by the fact that Mr. Hille has taken care of most basic expenses, but, at the same time, it must be recognized that Mrs. Hille's contribution toward the family and toward accumulation of the assets goes far beyond that frequently encountered. Further, had she not been working, Mr. Hille's accumulation would not have been so great, since more of the income would have been devoted to family expenses.

"A factor which tends to balance the scales is the assets which Mr. Hille inherited. In a marriage of short duration, this factor assumes considerable importance. On the other hand, in a marriage of long standing, an inheritance received early in the marriage assumes less importance in the overall picture."

■ It is apparent to us that the trial judge gave serious consideration to the

matters which Melvin raises in this appeal. If Melvin's position is that property acquired by him prior to his marriage to Florence or property acquired by him from his parents during the marriage must be awarded to him, it is true the trial court did not do so. However, the trial court is not required to make such an award. In *Klitzke, supra*, at page 388, we stated:

"We have previously held that the fact that property of one spouse was acquired prior to marriage is only one consideration weighing in favor of granting it to such spouse at a division of property upon divorce, but it does not prevent the court from awarding the property to the other spouse if necessary to establish an equitable distribution. *Fine v. Fine*, 248 N.W.2d 838 (N.D.1976). More importantly, we have consistently held that in making an equitable distribution, the court must consider all of the property of the parties, both jointly *and individually*

owned. See, e.g., *Bellon v. Bellon*, 237 N.W.2d 163 (N.D.1976)." [Emphasis in original.]

Furthermore, when we consider the dispute in evidence as to whether or not the 640 acres of farmland was in part a gift from Florence's parents with the other factors of which the trial court took cognizance, it is immediately apparent to us that no mistake has been made.[2]

The judgment of the trial court is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.

---

2. The trial court awarded 320 acres of the farmland to Melvin with a life estate in the other 320 acres. In so doing the trial judge stated:

"With respect to the East Half of Sec. 24, Mrs. Hille has proposed that Mr. Hille be awarded a life estate in the land and the buildings thereon. One of the reasons for

doing this is that the land and farm home have been in her family for many years, and she wishes to continue with that ownership. This request is understandable, and it is almost a necessity to grant it in order to achieve an equitable disposition of the property."